No. 13-56454

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EUGENE EVAN BAKER,

*Plaintiff-Appellant,*

v.

ERIC H. HOLDER, JR., et al.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
(CV 10-3996-SVW (AJWx))

**APPELLANT'S UNOPPOSED MOTION TO STAY
APPELLATE PROCEEDINGS; DECLARATION OF SEAN A. BRADY IN
SUPPORT THEREOF**

C. D. Michel (S.B.N. 144258)
Joshua R. Dale (S.B.N. 209942)
Sean A. Brady (S.B.N. 262007)
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 908502
Tel. No. (562) 216-4444
Fax No: (562) 216-4445
e-mail: cmichel@michellawyers.com

**Counsel for Plaintiff-Appellant**

## I. RELIEF SOUGHT

In accordance with Federal Rule of Appellate Procedure Rule 27 and Ninth Circuit Rule 27-1, Plaintiff-Appellant Eugene Baker ("Appellant"), respectfully moves this Court to further stay proceedings pending the United States Supreme Court's disposition of the petition for writ of certiorari in *Enos v. Holder*, No. 14-1216.

Appellant Baker first requested to stay appellate proceedings on January 13, 2014, pending the final disposition of *United States v. Chovan*, No. 11-50107. Decl. Sean A. Brady Supp. Mot. Stay Appellate Proceedings ("Brady Decl.") ¶ 4. This Court granted that motion in part, staying the proceedings for 124 days, until May 19, 2014. *Id.* On May 2, 2014, Appellant Baker requested to continue the stay pending the filing of the petition for writ of certiorari in *Chovan*. Brady Decl. ¶ 5. On May 6, 2014, the Court granted Appellant Baker's request, staying the proceedings for 90 days until November 3, 2014. *Id.*

On October 7, 2014, Appellant Baker requested another stay of this case, pending this Court's disposition of *Enos v. Holder*, No. 12-15498. Brady Decl. ¶ 6. Three days later, the Court granted, in part, Appellant Baker's request, staying proceedings until January 2, 2015. *Id.* In granting the stay, the Court stated that Appellant Baker must either "file the opening brief or file an appropriate motion

addressing the status of [*Enos*] and requesting continuance of the stay or other relief." Order, Oct. 10, 2014.

On October 16, 2014, a panel of this Court issued a memorandum disposition of *Enos*. On November 13, 2014, Appellant Baker requested to continue the stay pending the Court's disposition of the petition for en banc review in *Enos*. Brady Decl. ¶ 7. The Court granted that motion on November 17, stating "[a]t or prior to the expiration of the stay of appellate proceedings, the petitioner shall file the opening brief or file a motion for appropriate relief." Order, Nov. 17, 2014. Appellant Baker's Opening Brief is currently due on or before July 2, 2015. Brady Decl. ¶ 7.

On January 13, 2015, this Court denied the petition for en banc review in *Enos*. Following, on April 7, 2015, the *Enos* appellant filed a petition for writ of certiorari in the United States Supreme Court. The *Enos* respondents filed their brief on May 26, 2015.

For the reasons stated in this motion, Appellant Baker respectfully requests the Court continue the stay of his appeal pending resolution of the petition for writ of certiorari in *Enos*. In the alternative, Appellant Baker respectfully requests a stay of the proceedings for 90 days.

2

## II. POSITIONS OF COUNSEL

Counsel for both Appellees, United States Attorney General Eric Holder and California Attorney General Kamala Harris, have stated to counsel for Appellant Baker that they do not oppose Appellant's motion for a stay of these proceedings pending resolution of the petition for writ of certiorari in *Enos*. Brady Decl. ¶¶ 2-3.

## III. THE COURT SHOULD STAY THIS PROCEEDING PENDING RESOLUTION OF THE PETITION FOR WRIT OF CERTIORARI IN *ENOS*

### A. The Court Has the Authority To Stay a Case Pending the Outcome of Another Court's Decision

The United States Supreme Court has recognized the inherent power of this Court "to stay proceedings in one suit until the decision of another" in furtherance of the fair and efficient administration of justice. *Landis v. N. Am. Co.*, 299 U.S. 248, 249, 254 (1936). Justice Cardozo explained "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. The Supreme Court delineated two basic requirements for the grant of a discretionary stay. First, a party that seeks such a stay "must make a clear case of hardship or inequity in being required to go forward." *Id.* Second,

3

such a stay must have a time limit that is reasonable under the circumstances. *Id.* at 257. The High Court made it clear, however, that there is nothing per se impermissible about staying a lawsuit until the outcome of another related action has been determined. *Id.* at 258.

Appellant Baker respectfully submits that all necessary preconditions exist for a reasonable stay to remain in effect in this matter. The *Enos* decision is not yet final, and moving forward before it becomes final could waste the precious resources of both parties and the Court.

As mentioned in previous stay requests, the final outcome in *Enos* will directly impact the nature of this appeal. Both cases involve substantially similar questions regarding the constitutionality of permanently restricting an individual's fundamental Second Amendment rights based on a misdemeanor domestic violence conviction occurring many years ago. And both cases address the Second Amendment claim that 18 U.S.C.A. § 922(g) is unconstitutional as applied to individuals who have had their misdemeanor crime of domestic violence convictions erased under state law for all purposes but firearm possession.

As such, if the *Baker* parties commence briefing before *Enos* is final, such premature briefing will become obsolete if the Supreme Court grants the petition and issues an opinion that differs from the *Enos* panel decision. The parties would

then be required to file supplemental briefing to ensure the application of the proper legal standards. By further staying proceedings, this Court will substantially save the parties' and the Court's time, effort, and resources in such a case.

Further, if this case moves forward before *Enos* is final, relying on the legal standards set forth in the panel decision, and results in an unfavorable decision for Appellant Baker, the dismissal of his claims will become final. In that event, even if *Enos* is ultimately accepted for review and then overruled by the Supreme Court, Appellant Baker will have no recourse.

Finally, Appellant Baker's counsel face great difficulty in preparing the Opening Brief by July 2 due to the proximity of deadlines in two other cases pending before this Court. On June 16, 2015, Appellants' counsel will be participating in oral argument before an en banc panel of this Court on behalf of the appellants in *Peruta v. County of San Diego*, No. 10-56971. Brady Decl. ¶ 8. In addition, Appellant's counsel also represent the appellants in *Bauer v. Harris*, No. 15-15428, where an opening brief is due on or before July 15, 2015, concerning an issue that does not currently have dispositive cases in flux like the present appeal. Brady Decl. ¶ 9.

Because the deadlines for the oral argument in *Peruta*, the *Bauer* opening

5

brief, and the opening brief in this case are extremely close in time, Appellant Baker's counsel must work on these deadlines simultaneously. Brady Decl. ¶ 10. Appellant's counsel will thus be precluded from filing Appellant Baker's Opening Brief by the deadline of July 2, 2015, without significantly impairing its quality. Brady Decl. ¶ 11. In short, continuing the stay until after *Enos* becomes final will ensure Appellant Baker's counsel are able to dedicate the time and resources necessary for proper briefing before this Court—along with a guarantee that the appropriate legal standards will be relied upon in such briefing.

### B. No Identifiable Prejudice Would Result From the Court Issuing a Stay in This Case

A further stay of the proceedings will not cause any undue delay that would prejudice the parties. Rather, a stay pending the resolution of the petition for writ of certiorari in *Enos* will preserve valuable resources for both the parties and the Court as described above. By not opposing this motion, Appellees tacitly agree.

### C. This Court Has Issued Stays in Similar Circumstances

There is precedent in this Court to grant the relief Appellant Baker seeks. The Court previously stayed proceedings in this case pending resolution of the ongoing appeals process in *Chovan*, and in this case pending oral argument and disposition of *Enos*. The Court has also stayed several other Second Amendment

cases to see if a then-pending en banc decision in *Nordyke v. King*, 681 F.3d 1041, would provide legal guidance, affecting the outcome of those cases. *See, e.g., Peruta v. County of San Diego*, No.10-56971, Order Staying Proceedings, Dec. 20, 2011 (Doc. No. 77); Order, *Richards v. Prieto*, No. 11-16255 (9th Cir. June 19, 2012); Order at 1, *Rothery v. County of Sacramento*, No. 09-16852 (9th Cir. May 14, 2012); Order, *Mehl v. Blanas*, No. 08-15773 (9th Cir. July 20, 2010).

## IV. CONCLUSION AND REQUEST

In the interests of justice, fairness, and judicial economy, Appellant respectfully requests the Court issue an Order staying all proceedings in this case until the outcome of *Enos* is finalized. Because Appellant Baker is unaware of any pending case besides *Enos* that would directly impact this appeal, this will almost certainly be Appellant's final request for an extension. In the alternative, Appellant Baker respectfully requests a stay of the proceedings for 90 days.

Date: June 4, 2015                    **MICHEL & ASSOCIATES, P.C.**


/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiff-Appellant

# DECLARATION OF SEAN A. BRADY

I, Sean A. Brady, declare as follows:

1. I am an attorney duly licensed to practice in the State of California and before the Ninth Circuit Court of Appeals. I am an Associate attorney at Michel & Associates, P.C., counsel for Plaintiff-Appellant. I am familiar with the facts and pleadings herein. The following is within my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. On or about June 3, 2015, I contacted Mr. David A. DeJute, counsel of record for Defendant-Appellee the United States Attorney General, asking whether his client would oppose Appellant's motion to stay this matter. On the same day, Mr. Dejute responded, confirming that his office has no objection to continuing the stay.

3. On or about June 3, 2015, I contacted Mr. Anthony R. Hakl, counsel of record for Defendants-Appellees the California Attorney General and the State of California Department of Justice, asking whether his clients would oppose Appellant's motion to stay this matter. On or about June 4, 2015, Mr. Hakl responded, confirming that his office has no objection to continuing the stay.

4. Appellant Baker requested to stay appellate proceedings on January 13, 2014, pending the final disposition of *United States v. Chovan*, No. 11-50107.

On January 15, 2014, this Court granted that motion in part, staying the proceedings for 124 days, until May 19, 2014.

5. Appellant Baker requested to stay appellate proceedings on May 2, 2014, pending the filing of the petition for writ of certiorari in *Chovan v. United States*, No. 11-50107. On May 6, 2014, the Court granted Appellant Baker's request, staying the proceedings for 180 days until November 3, 2014.

6. On October 7, 2014, Appellant Baker again requested a stay of this case, pending this Court's disposition of *Enos v. Holder*, No. 12-15498. The Court granted, in part, Appellant Baker's request, staying proceedings until January 2, 2015.

7. On November 13, 2014, Appellant Baker requested to continue the stay pending the Court's disposition of the petition for en banc review in *Enos*. On November 17, the Court granted, in part, Appellant Baker's request, staying proceedings until July 2, 2015.

8. I am also counsel for appellants in *Peruta v. County of San Diego*, No. 10-56971. Oral arguments before an en banc panel of this Court will be held on June 16, 2015, in San Francisco.

9. In addition, I am also counsel primarily responsible for drafting the opening brief in *Bauer v. Harris*, No. 15-15428, due on or before July 15, 2015.

10. Because of the proximity of the upcoming deadlines in *Peruta*, *Bauer*, and this case, I am currently preparing, researching, and drafting documents simultaneously.

11. The simultaneous pending deadlines potentially preclude Appellant's counsel from filing Appellant's Opening Brief by the current deadline of July 2, 2015, without significantly impairing its quality.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of June, 2015, at Long Beach, California.

Sean A. Brady
Declarant

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2015, an electronic PDF of **APPELLANT'S UNOPPOSED MOTION TO STAY APPELLATE PROCEEDINGS; AND DECLARATION OF SEAN A. BRADY IN SUPPORT OF** was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Date: June 4, 2015                                **MICHEL & ASSOCIATES, P.C.**

/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiff-Appellant