In the United States Court of Appeals
for the Ninth Circuit

EUGENE EVAN BAKER,

*Plaintiff-Appellant*,

v.

LORETTA E. LYNCH, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of California
(CV 10-3996-SVW (AJWx))

## APPELLANT'S MOTION FOR FULL REMAND TO DISTRICT COURT FOR FURTHER PROCEDINGS

C. D. Michel (S.B.N. 144258)
Joshua R. Dale (S.B.N.  209942)
Sean A. Brady (S.B.N. 262007)
Anna M. Barvir (S.B.N. 268728)
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 908502
Tel. No. (562) 216-4444
Fax No: (562) 216-4445
E-mail: cmichel@michellawyers.com

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................... ii

INTRODUCTION ...............................................................................1

POSITIONS OF COUNSEL...............................................................2

STATEMENT OF THE CASE............................................................2

I.     STATEMENT OF FACTS .........................................................2

II.    PROCEEDINGS BELOW...........................................................5

ARGUMENT ......................................................................................8

I.     AFTER THIS COURT RULED THAT BAKER COULD PLEAD A SUFFICIENT SECOND AMENDMENT CHALLENGE TO SECTION 922(G)(9), IT WAS CLEAR ERROR FOR THE DISTRICT COURT TO DISMISS THAT SAME CLAIM WITH PREJUDICE ON REMAND .......................................................8

II.    INTERVENING COURT DECISIONS OF THE NINTH CIRCUIT CONFIRM THAT BAKER HAS PLEADED A SECOND AMENDMENT CLAIM THAT CAN SURVIVE A MOTION TO DISMISS .................................................10

III.   THE DISTRICT COURT CLEARLY ERRED WHEN IT DISMISSED BAKER'S COMPLAINT WITH PREJUDICE BECAUSE AMENDMENT WOULD NOT BE FUTILE ...............................................................13

IV.   THE DISTRICT COURT CLEARLY ERRED WHEN IT TREATED INFORMAL ISSUE BRIEFING AS A MOTION TO DISMISS WITHOUT SUFFICIENT NOTICE, A HEARING, OR AN OPPORTUNITY TO AMEND.................................................15

CONCLUSION .................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Baker v. Holder*,
    475 Fed. Appx. 156 (9th Cir. 2012) .....................................................5, 8, 10

*Bertucelli v. Carreras*,
    467 F.2d 214 (9th Cir. 1972) ..........................................................................17

*Beshear v. Weinzapfel*,
    474 F.2d 127 (7th Cir. 1973) ..........................................................................17

*Cal. Diversified Promotions, Inc. v. Musick*,
    505 F.2d 278 (9th Cir. 1974) ..........................................................................17

*Clinton v. Los Angeles County*,
    434 F.2d 1038 (9th Cir. 1970) ........................................................................17

*DeSoto v. Yellow Freight Sys., Inc.*,
    957 F.2d 655 (9th Cir. 1992) ..........................................................................14

*District of Columbia v. Heller*,
    554 U.S. 570 (2008)..............................................................................5, 6, 7, 9

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir.2003) ........................................................................12

*Enos v. Holder*,
    585 Fed. Appx. 447 (9th Cir. 2014) (unpublished),
    *cert. denied sub nom. Enos v. Lynch*, 135 S. Ct. 2919 (2015) ..............*passim*

*Enos v. Holder*,
    855 F. Supp. 2d 1088 (E.D. Cal. 2012) ..................................................10, 11

*Harmon v. Super. Ct.*,
    307 F.2d 796 (9th Cir. 1962) ..........................................................................17

C<span>ASES</span>

*In re United States*,
  578 F.3d 1195 (10th Cir. 2009) ........................................9

*Jennings v. Mukasey*,
  511 F.3d 894 (9th Cir. 2007) ...........................................9

*Nat'l Org. for Reform of Marijuana Laws v. Mullen*,
  796 F.2d 276 (9th Cir. 1986) .........................................10

*Omar v. Sea-Land Service, Inc.*,
  813 F.2d 986 (9th Cir. 1987) .........................................17

*Potter v. McCall*,
  433 F.2d 1087 (9th Cir. 1970) .......................................17

*Reddy v. Litton Indus.*,
  912 F.2d 291 (9th Cir. 1990) .........................................14

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) .......................................14

*United States v. Booker*,
  644 F.3d 12 (1st Cir. 2011)...............................................9

*United States v. Chovan*,
  735 F.3d 1127 (9th Cir. 2013),
  *cert. denied*, 135 S. Ct. 187 (2014)........................................*passim*

*United States v. Hancock*,
  231 F.3d 557 (9th Cir. 2000) ...........................................8

*United States v. Skoien*,
  614 F.3d 638 (7th Cir. 2010) ...........................................9

# TABLE OF AUTHORITIES (Cont.)

Page(s)

CASES

*United States v. Smith*,
742 F. Supp. 2d 855 (S.D. W. Va. 2010) .......................................................10

*United States v. Staten*,
666 F.3d 154 (4th Cir. 2011) ...............................................................9

*United States v. Vongxay*,
594 F.3d 1111 (9th Cir. 2010) .........................................................7, 8

*United States v. White*,
592 F.3d 1199 (11th Cir. 2010) .......................................................9

*Worley v. Cal. Dep't of Corrections*,
432 F.2d 769 (9th Cir. 1970) .......................................................17

STATUTES & RULES

18 U.S.C. § 921(a)(33)(A)(i) .......................................................3

18 U.S.C. § 922(g)(9)...................................................................*passim*

Cal. Penal Code § 273.5(a) .......................................................2

Cal. Penal Code § 29805.......................................................3

Cal. Penal Code § 1203.4.......................................................3

C.D. Cal. L. R. 6-1 .......................................................15, 16

C.D. Cal. L. R.7-3 .......................................................16

C.D. Cal. L. R.7-4 .......................................................15, 16

C.D. Cal. L. R.7-15 .......................................................7

# TABLE OF AUTHORITIES (Cont.)

Page(s)

**STATUTES & RULES**

Fed. R. Civ. P. 6 ......................................................................................15, 16

Fed. R. Civ. P. 12(b)(1) ...................................................................................5

Fed. R. Civ. P.  12(b)(6) ......................................................................5, 14, 17

Fed. R. Civ. P. 78(b) ........................................................................................7

Ninth Cir. R. 3-6(a) ........................................................................................10

**OTHER AUTHORITIES**

Complaint for Declaratory and Injunctive Relief, *Baker v. Holder*,
    No. 10-3996 (C.D. Cal. May 27, 2010), ECF No. 1 ......................................5

District Court In Chambers Order-Text Only Entry, *Baker v. Holder*,
    No. 10-3996 (C.D. Cal. Mar. 8, 2013) ..........................................................7

District Court Minute Order Re Motion to Dismiss, *Baker v. Holder*,
    No. 10-3996 (C.D. Cal. July 31, 2013), ECF No. 48 .....................................3

District Court Minute Order Re Status Conference, *Baker v. Holder*,
    No. 10-3996 (C.D. Cal. Oct. 15, 2015), ECF No. 25 .....................................6

Federal Defendant's Opening Brief, *Baker v. Holder*,
    No. 10-3996 (C.D. Cal. Jan. 7, 2013), ECF No. 36 .......................................6

First Amended Complaint, *Baker v. Holder*,
    No. 10-3996 (C.D. Cal. Oct. 11, 2012), ECF No. 23 ...........................*passim*

Opening Brief by Defendants California Attorney General Kamala D.
    Harris and California Department of Justice, *Baker v. Holder*,
    No. 10-3996 (C.D. Cal. Jan. 7, 2013), ECF No. 37 .......................................6

# TABLE OF AUTHORITIES (Cont.)

**Page(s)**

**OTHER AUTHORITIES**

Plaintiff's Reply to Federal Defendant's Opening Brief, *Baker v. Holder*,
  No. 10-3996 (C.D. Cal. Jan. 16, 2013), ECF No. 41 .....................................7

Superior Court Order Restoring Second Amendment Rights
  to Eugene Evan Baker, *People v. Baker*,
  No. 97C008304 (Cal. Super. Ct. Mar. 10, 2010) ...........................................4

**INTRODUCTION**

18 U.S.C. § 922(g)(9) bars those convicted of a misdemeanor crime of domestic violence ("MCDV") from possessing or acquiring firearms or ammunition for life. This case presents a challenge to the application of section 922(g)(9) to Appellant Eugene Baker as a violation of his Second Amendment right to bear arms and his right to equal protection under the law in the exercise of that fundamental right. Baker here appeals the district court's dismissal of his lawsuit with prejudice for failure to state a claim. To conserve the resources of both the parties and this Court, Baker brings this motion seeking full remand in light of the district court's clear errors below and two intervening Ninth Circuit decisions that invalidate the district court's analysis and require reversal and remand.

In a previous appeal of this case, this Court expressly found that Baker had presented a viable as applied challenge to section 922(g)(9) on Second Amendment grounds. Notwithstanding that holding, the district court summarily dismissed Baker's First Amended Complaint on remand without engaging in the as applied analysis this Court held Baker's claim was entitled to. And it did so without providing notice of its intention to dismiss, a meaningful opportunity for Baker to oppose, a hearing on the merits, or an opportunity to amend. Dismissing Baker's claims in this manner, the district court clearly erred.

What's more, intervening Ninth Circuit authority has removed any doubt that individuals seeking to challenge section 922(g)(9), as applied to their circumstances, *could* mount a claim sufficient to overcome a motion to dismiss. At the very least, it has not foreclosed such a claim. In other words, the as applied challenge to section 922(g)(9) is not barred in the Ninth Circuit, and Baker should be given the opportunity to present his case.

Baker thus respectfully moves this Court to reverse the district court's dismissal of the First Amended Complaint and remand for additional proceedings.

## POSITIONS OF COUNSEL

Pursuant to Circuit Rule 27-1(2), counsel for Baker contacted counsel of record for Appellees on September 15, 2015, and again on September 25, 2015, to ascertain Appellees' position regarding Baker's motion for full remand to the district court. Barvir Decl. ¶¶ 2-3. On September 28, 2015, counsel for both appellees responded that they would oppose Baker's motion. *Id.*

## STATEMENT OF THE CASE

### I.   STATEMENT OF FACTS

In 1997, Appellant Eugene Baker pleaded *nolo contendere* to a single count of violating California Penal Code section 273.5(a), and was sentenced to a three-year probationary sentence. First Amended Complaint at ¶ 14, *Baker v. Holder*,

No. 10-3996 (C.D. Cal. Oct. 11, 2012), ECF No. 23 ("Ex. A").[1] California Penal

Code section 273.5(a) qualifies as an MCDV under 18 U.S.C. § 921(a)(33)(A)(i).

*Id*. Baker's conviction thus resulted in a 10-year ban on the possession of firearms

under state law, California Penal Code section 29805, and a lifetime ban under

federal law, 18 U.S.C. § 922(g)(9).

Baker successfully completed the terms of his probation and, in 2002,

applied to withdraw his plea and have the conviction set aside pursuant to

California Penal Code section 1203.4. Ex. A at ¶ 15. The state court granted that

relief and signed an order expunging Baker's conviction, withdrawing the *nolo*

*contendere* plea, entering a plea of not guilty, and dismissing the original criminal

complaint. *Id.*; District Court Minute Order Re Motion to Dismiss at 2, *Baker*, No.

10-3996 (C.D. Cal. July 31, 2013), ECF No. 48 (hereinafter "Ex. B").

Baker's California-based ten-year suspension of firearm rights expired in

2007, and he currently faces no firearm restrictions under state law. Ex. A at ¶ 16.

Since his 1997 arrest, Baker has never been convicted of or reported to have

committed any other criminal behavior, including any crime which would

disqualify him from receiving or possessing a firearm under federal or state law.

---

[1]  For the Court's reference, all citations to documents on file with the Central
District of California in *Baker v. Holder*, Case No. 10-3996, include the district
court's docket or ECF number.

*Id.* at ¶ 16. Baker has maintained a friendly relationship with his ex-wife, the victim of his 1997 MCDV, without incident for over thirteen years. *Id.*

In or around May 2009, with his California firearm restriction almost two years behind him and unaware of any other firearm restrictions, Baker attempted to purchase a firearm from a licensed California federal firearms dealer ("FFL"). *Id.* at ¶ 17. The FFL contacted the California Department of Justice regarding Baker's request. In response, the Department informed the FFL that Baker was prohibited from possessing firearms and ordered the FFL not to release the firearm to him. *Id.*; Ex. B at 2. Baker later learned that the Department had blocked the transfer of his firearm because it had identified a record of an MCDV conviction disqualifying him from purchasing or possessing firearms. Ex. A at ¶ 18; Ex. B at 2-3.

On March 11, 2010, Baker appeared before the Ventura County Superior Court and moved for an order declaring that his right to purchase and own firearms had been restored under both state and federal law. Ex. A at ¶ 20. The court granted the order, declaring that Baker "is entitled to purchase, own and possess firearms consistent with the laws of the State of California." *Id.*; Superior Court Order Restoring Second Amendment Rights to Eugene Evan Baker at 2, *People v. Baker*, No. 97C008304 (Cal. Super. Ct. Mar. 10, 2010) ("Ex. C"). Despite this declaration of his rights, Appellants continue to prohibit the sale or transfer of firearms to Baker.

Baker desires to obtain a firearm for his personal protection and the protection of his family. But if Baker attempts to exercise this Second Amendment right and is found to be in possession of a firearm, he would be at risk of being arrested, charged, convicted, and punished pursuant to section 922(g)(9).

## II.    PROCEEDINGS BELOW

On May 27, 2010, Baker filed a complaint for declaratory judgment and injunctive relief against then United States Attorney General Eric Holder, in his official capacity, seeking a declaratory judgment that he is entitled to lawfully possess firearms under the laws of the United States. Complaint for Declaratory and Injunctive Relief, *Baker*, No. 10-3996 (C.D. Cal. May 27, 2010), ECF No. 1.

The government moved to dismiss Baker's complaint. On October 26, 2010, the district court granted the government's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Baker v. Holder*, 475 Fed. Appx. 156, 157 (9th Cir. 2012). The district court ruled that Baker lacked standing to pursue the lawsuit and that Ninth Circuit case law pre-dating the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008) precluded his action. *Baker*, 475 Fed. Appx. at 157-58.

On appeal, this Court determined that Baker argued sufficient facts that, if alleged in an amended complaint, would establish standing. *Id.* at 157. The Court also rejected the application of pre-*Heller* case law to an evaluation of

section 922(g)(9)'s constitutionality, holding that Baker had presented a viable claim that, as applied to him, the law violated the Second Amendment. *Id.* at 157-58. The Court thus reversed the district court's dismissal for failure to state a claim and remanded the matter for further proceedings. *Id.* at 158.

On remand, Baker filed an amended complaint, naming then United States Attorney General Holder, California Attorney General Kamala Harris, and the California State Department of Justice as defendants. Ex. A at ¶¶ 10-12. Baker's First Amended Complaint sought declaratory and injunctive relief pursuant to the Second Amendment and the Equal Protection clause of the United States Constitution. *Id.* at ¶¶ 30-43.

The district court subsequently ordered the parties to file simultaneous briefs addressing the issues on remand. District Court Minute Order Re Status Conference, *Baker*, No. 10-3996 (C.D. Cal. Oct. 15, 2015), ECF No. 25. The parties filed their opening briefs on January 7, 2013.[2] Appellees, however, included with their brief an informal request that the complaint be dismissed. Federal Defendant's Opening Brief at 13-14, *Baker*, No. 10-3996 (C.D. Cal. Jan. 7, 2013),

---

[2] On remand, Appellee Harris and the California Department of Justice, joined the briefs filed by Appellee Holder. Opening Brief by Defendants California Attorney General Kamala D. Harris and California Department of Justice at 1, *Baker*, No. 10-3996 (C.D. Cal. Jan. 7, 2013), ECF No. 37. The discussion of Appellees' briefs on remand thus refers to the substantive briefs filed by Appellee Holder on behalf of all defendants.

ECF No. 36. That request effectively transformed the informal, court-ordered issue briefing into an unnoticed Rule 12 motion.

Baker urged the court to refuse to consider Appellees' improper Rule 12 motion unless and until all notice and procedure requirements were met. Plaintiff's Reply to Federal Defendant's Opening Brief at 13-15, *Baker*, No. 10-3996 (C.D. Cal. Jan. 16, 2013), ECF No. 41. Despite the threat of prejudice to Baker, the district court construed Appellees' brief as a motion to dismiss and dismissed Baker's First Amended Complaint *with* prejudice and *without* a hearing. Ex. B at 9; District Court In Chambers Order-Text Only Entry, *Baker*, No. 10-3996 (C.D. Cal. Mar. 8, 2013) ("Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L. R. 7-15. The hearing scheduled for Monday, March 11, 2013, is VACATED.").

In granting the dismissal, the district court did not analyze the specific circumstances of the case. It instead dismissed Baker's as applied Second Amendment claim, citing a number of out-of-circuit appellate decisions and two district court cases, each of which generally upheld section 922(g)(9). Ex. B at 4-8. The district court similarly dismissed Baker's equal protection challenge, holding that pre-*Heller* case law rejecting a similar challenge to section 922(g)(9) controlled post-*Heller* and barred Baker's claim. *Id.* at 8-9 (citing *United States v.*

7

*Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010); *United States v. Hancock*, 231 F.3d 557, 565-66 (9th Cir. 2000).

Baker filed a timely notice of appeal on August 20, 2013. Shortly thereafter, the Court granted Baker a handful of unopposed requests to stay appellate proceedings pending the resolution of the related cases, *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 187 (2014), and *Enos v. Holder*, 585 Fed. Appx. 447 (9th Cir. 2014) (unpublished), *cert. denied sub nom. Enos v. Lynch*, 135 S. Ct. 2919 (2015). *See* Ninth Cir. Order, May 6, 2014, ECF No. 9; Ninth Cir. Order, Oct. 10, 2014, ECF No. 11; Ninth Cir. Order 1, Nov. 17, 2014, ECF No. 13; Ninth Cir. Order, June 8, 2015, ECF No. 16. With those cases finally resolved, Baker now brings this motion for full remand.

## ARGUMENT

### I. AFTER THIS COURT RULED THAT BAKER COULD PLEAD A SUFFICIENT SECOND AMENDMENT CHALLENGE TO SECTION 922(G)(9), IT WAS CLEAR ERROR FOR THE DISTRICT COURT TO DISMISS THAT SAME CLAIM WITH PREJUDICE ON REMAND

This appeal deals with the district court's *second* dismissal of Baker's Second Amendment claim. When this case first came before the Ninth Circuit, the Court was asked to reverse an order dismissing Baker's complaint without prejudice for lack of standing and with prejudice for failure to state a claim. *Baker v. Holder*, 475 Fed. Appx. 156, 157-58. (9th Cir. 2012). The Court affirmed in part, reversed in part, and remanded for further proceedings. *Id.* at 158.

As is relevant here, the Court overturned the Rule 12(b)(6) dismissal of Baker's Second Amendment claim with prejudice, reasoning that Ninth Circuit precedent did not foreclose Baker's constitutional challenge. More specifically, it held that while *Jennings v. Mukasey*, 511 F.3d 894, 898-99 (9th Cir. 2007), barred a "statutory argument that [Baker's] state court order purporting to 'set aside' his misdemeanor domestic violence conviction renders § 922(g)(9) inapplicable," *Jennings* does *not* foreclose a constitutional argument because it was decided before *Heller* affirmed that the Second Amendment protects an individual right to arms and so did not address whether section 922(g)(9) infringes that right. *Id.* at 157-58 (citing *Heller v. District of Columbia*, 554 U.S. 570 (2008)).

On remand, the lower court surprisingly dismissed Baker's case for failure to state a Second Amendment claim again, this time *with* prejudice. Ex. B at 9. The second dismissal was based not on *Jennings*, but on a handful of out-of-circuit appellate decisions and two district court cases upholding section 922(g)(9)—all of which preceded this Court's July 2012 reversal of the first dismissal of Baker's as applied claim. *Id.* at 6-8 (citing *United States v. Booker*, 644 F.3d 12, 26 (1st Cir. 2011); *United States v. Staten*, 666 F.3d 154, 168 (4th Cir. 2011); *United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010); *United States v. White*, 592 F.3d 1199, 1206 (11th Cir. 2010); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009);

*Enos v. Holder*, 855 F. Supp. 2d 1088, 1099 (E.D. Cal. 2012); *United States v. Smith*, 742 F. Supp. 2d 855, 869 (S.D. W. Va. 2010)).

Because every one of the cases the lower court relied on pre-dates this Court's previous determination that Baker had brought a Second Amendment claim sufficient to overcome dismissal, the district court's subsequent use of those cases to reach the opposite result is clear error. Surely this Court was aware that other circuits had upheld section 922(g)(9) based on the law of those circuits and the facts of each case. Yet it *still* determined that unqualified dismissal of Baker's as applied challenge to that same law was improper. *Baker*, 475 Fed. Appx. at 157-58. That decision could have meant no less than that Baker *does* have some cognizable as applied Second Amendment challenge to section 922(g)(9) in the Ninth Circuit. In dismissing Baker's claim a second time, the district court disregarded that holding, and that error requires reversal and remand to the district court for further proceedings.

## II. INTERVENING COURT DECISIONS OF THE NINTH CIRCUIT CONFIRM THAT BAKER HAS PLEADED A SECOND AMENDMENT CLAIM THAT CAN SURVIVE A MOTION TO DISMISS

Remand is appropriate where the relevant case law has changed during the pendency of the appeal. *See, e.g.*, *Nat'l Org. for Reform of Marijuana Laws v. Mullen*, 796 F.2d 276 (9th Cir. 1986); *see also* Ninth Cir. Rule 3-6(a) (the Court may grant summary disposition of a civil appeal at any time prior to the

completion of briefing if an intervening court decision requires reversal or vacation of the judgment or remand for additional proceedings).

At the time dismissal was granted, there was no Ninth Circuit case directly on point, so the lower court relied on the reasoning of several out-of-circuit decisions and two district court opinions generally upholding section 922(g)(9) to dismiss Baker's as applied Second Amendment challenge for failure to state a claim. While Baker disputes that application of those cases to the case at bar justifies dismissal in the first place, intervening case law from this circuit has since removed any doubt that section 922(g)(9) cases *can* be handled on an as applied basis and that Baker is entitled to an opportunity to provide the evidence necessary to establish his claim.

Specifically, since the dismissal of Baker's claims, final decisions have been rendered in *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 187 (2014), and *Enos v. Holder*, 585 Fed. Appx. 447 (9th Cir. 2014) (unpublished), *cert. denied sub nom. Enos v. Lynch*, 135 S. Ct. 2919 (2015). Both cases presented challenges to section 922(g)(9) on Second Amendment grounds. And while the law was ultimately upheld in both cases based on the facts presented, the Court's reasoning is clear that as applied challenges to 922(g)(9) are not out of the question. *Chovan*, 735 F.3d at 1142; *Enos*, 585 Fed. Appx. 447-48.

Indeed, the *Chovan* decision points to the very sort of evidence that would be necessary to succeed on such a claim:

> Chovan has not presented evidence to directly contradict the government's evidence that the rate of domestic violence recidivism is high. Nor has he directly proved that if a domestic abuser has not committed domestic violence for fifteen years, that abuser is highly unlikely to do so again.

*Chovan*, 735 F.3d at 1142. "In the absence of such evidence," the Court continued, "we conclude that the application of § 922(g)(9) to Chovan is substantially related to the government's important interest of preventing domestic gun violence." *Id.* The other side of the coin, of course, is that the presence of such evidence *could* establish that application of the law to an individual is not sufficiently related to the government's interest.

*Enos* tacitly reaffirmed this reasoning. 585 Fed. Appx. 447-48. There, the Court held that "[t]here is no evidence in *this* record demonstrating the statute is unconstitutional as applied to the [a]ppellants. Further, when questioned, counsel for [a]ppellants declined to suggest such evidence exists." *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003)) (emphasis added). Again, this Court's reasoning suggests that, properly pleaded and proved up, an as applied challenge to section 922(g)(9) *could* succeed.

In light of both *Chovan* and *Enos*, dismissal—*with prejudice*—is clearly improper where, as here, the challenger has had no opportunity to present the

evidence necessary to support his claim. If given the chance, Baker could allege

facts and present evidence that, as applied to him, section 922(g)(9) is not

sufficiently related to the government's interest in combatting domestic violence.

The lower court summarily dismissed Baker's claim without fully considering

whether he could proffer sufficient evidence on that point because it was not then

clear that any viable Second Amendment challenge to section 922(g)(9) existed in

the Ninth Circuit. Ex. B at 1-8. But since *Chovan* and *Enos* are controlling

intervening authority, the lower court's reasoning can no longer hold in light of

their analyses. In this case, because controlling intervening authority renders the

district court's analysis and dismissal invalid, remand is not only proper, it is

necessary.[3]

III. **THE DISTRICT COURT CLEARLY ERRED WHEN IT DISMISSED BAKER'S
COMPLAINT WITH PREJUDICE BECAUSE AMENDMENT WOULD NOT BE
FUTILE**

When a motion to dismiss is granted for failure to state a claim, "leave to

amend should be granted 'unless the court determines that the allegation of other

---

[3]   For the same reason, the dismissal of Baker's equal protection claim requires
remand. Relying on out-of-circuit case law finding that possession of firearms by
domestic violence misdemeanants is outside the scope of the Second Amendment
or that restrictions on that conduct are otherwise "presumptively lawful," the lower
court rejected Baker's argument that section 922(g)(9) must survive heightened
scrutiny because the law creates a classification of persons and impacts the
exercise of a fundamental right. Ex. B at 8-9. In light of *Chovan*'s express holding
that such conduct is *not* outside the scope of the right, 735 F.3d at 1136, the lower
court's decision cannot stand.

facts consistent with the challenged pleading could not possibly cure the deficiency.' " *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, the court may only deny leave to amend where amendment would be futile. *See id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)).

While the district court recognized this well-established principle, Exhibit B at 4, the court never applied it to the facts of the case at hand. Indeed, nowhere in its opinion does the court discuss whether amendment would be futile in this case at all. And, having transformed the parties' informal issue briefing into a Rule 12(b)(6) motion to dismiss and vacating the scheduled hearing on the same, the court never gave Baker an opportunity to respond to any concern it might have harbored regarding the futility of amendment.

What's more, in light of the recent decisions in *Chovan* and *Enos*, the district court's dismissal with prejudice can no longer stand. For those cases have made clear that there could be facts that, if sufficiently pleaded, would form the basis of a viable as applied challenge to section 922(g)(9). *Chovan*, 735 F.3d at 1142; *Enos*, 585 Fed. Appx. 447-48; *see also supra* Part II. Baker should be given the opportunity to amend his complaint in order to raise those facts now—with the benefit of this Court's analyses in *Chovan* and *Enos* to guide him.

## IV. THE DISTRICT COURT CLEARLY ERRED WHEN IT TREATED INFORMAL ISSUE BRIEFING AS A MOTION TO DISMISS WITHOUT SUFFICIENT NOTICE, A HEARING, OR AN OPPORTUNITY TO AMEND

After a panel of this Court first remanded this case to the district court for further proceedings, the district court ordered the parties to file opening and responsive briefs addressing the issues on remand. District Court Order Re Stipulation By All Parties at 2, *Baker*, No. 10-3996 (C.D. Cal. Nov. 30, 2012), ECF No. 34. On January 7, 2013, both parties filed their opening briefs in compliance with the court's order. However, Appellees included with their brief a request that the complaint be dismissed. Federal Defendant's Brief at 13-14, *Baker*, No. 10-3996, ECF No. 36. That request transformed the informal, court-ordered issue briefing into a quasi Rule 12 motion, but it did so without proper notice of the motion or the statutory basis for dismissal. Appellees' request was improper under the local rules of the Central District of California and the Federal Rules of Civil Procedure. And the district court's decision to seize this opportunity to dismiss Baker's claims without a hearing or an opportunity to amend was an abuse of the discretion the court is generally granted to dismiss claims sua sponte.

While Appellees were within their rights to bring a Rule 12(b) motion to dismiss, such motions must be made in conformance with notice requirements of Rule 6 of the Federal Rules of Civil Procedure and with Central District Local Rules 6-1 and 7-4. Unless the Federal Rules of Civil Procedure or a court order

sets a different time, Rule 6 demands the service of a written motion and notice of hearing at least 14 days in advance of the hearing. Fed. R. Civ. P. 6. Local Rule 6-1 dictates every motion must "be presented by written notice. . . filed with the Clerk not later than twenty-eight (28) days before the date set for hearing," unless otherwise provided by rule or order of the Court. C.D. Cal. L.R. 6-1. Appellees' brief was accompanied by no written notice of motion, much less one containing "a concise statement of the relief or Court action the movant seeks" as required by Central District Local Rule 7-4. Nor did it provide notice of the statutory basis for dismissal, unreasonably requiring Baker to address all the possible permutations of a Rule 12 motion in his opposition.[4]

Indeed, almost nothing about Appellees' "motion to dismiss" conformed to the rules governing motions practice that provide for fair play and an equal playing field for the parties. As such, Baker was unduly prejudiced—facing a dismissal, the basis for which Appellees' briefing never identified. Appellees' "motion to dismiss" should have been denied for failure to comply with the most basic mandates of motions practice—particularly those federal notice requirements that serve to safeguard the constitutional right to due process.

---

[4]  Appellees' "motion to dismiss" also failed to comply with important local requirements regarding meet and confer efforts with opposing counsel—i.e., Local Rule 7-3.

Setting aside the deficiencies of Appellees' motion, the district court may dismiss a claim sua sponte pursuant to Federal Rule 12(b)(6), *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987), but "[t]he power is not absolute," *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) (citing *Beshear v. Weinzapfel*, 474 F.2d 127, 133 (7th Cir. 1973)). "This court has held that, when jurisdiction is present, it is error to dismiss a claim on the merits without *notice, a hearing, **and** an opportunity to respond*, unless the complaint could not be corrected by amendment." *Id.* (citing *Worley v. Cal. Dep't of Corrections*, 432 F.2d 769 (9th Cir. 1970) (emphasis added); *see also Harmon v. Super. Ct.*, 307 F.2d 796, 798 (9th Cir. 1962); *Clinton v. Los Angeles County*, 434 F.2d 1038 (9th Cir. 1970).

As discussed above, the district court did not consider the futility of amendment in this case and, absent a finding that Baker's complaint could not be corrected, the court "should have given notice of [its] intention to dismiss, an opportunity to submit a written memorandum in opposition to such motion, a hearing, and an opportunity to amend the complaint to overcome the deficiencies raised by the court." *Cal. Diversified Promotions, Inc.*, 505 F.2d at 281 (citing *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Bertucelli v. Carreras*, 467 F.2d 214 (9th Cir. 1972)). The failure of the district court to provide those basic procedural safeguards is clear error demanding reversal and remand.

Further, in light of *Chovan* and *Enos*, it is now clear that sufficient amendment *is* possible. The Court should not compound the lower court's error and close the door to Baker's claims without at least the opportunity to amend.

## CONCLUSION

Based on the foregoing, Appellant Baker respectfully requests full remand of his claims to the district court for further proceedings.

Date: September 29, 2015                    **MICHEL & ASSOCIATES, P.C.**


s/ C. D. Michel
C. D. Michel
*Counsel  for Plaintiff-Appellant*

# DECLARATION OF ANNA M. BARVIR

I, Anna M. Barvir, declare as follows:

1.     I am an attorney duly licensed to practice in the State of California and before the Ninth Circuit Court of Appeals. I am an Associate attorney at Michel & Associates, P.C., counsel for Plaintiff-Appellant. I am familiar with the facts and pleadings herein. The following is within my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.     On or about September 15, 2015, I contacted Mr. David A. DeJute, counsel of record for Defendant-Appellee the United States Attorney General Loretta Lynch, asking whether his client would oppose Appellant's motion for full remand of this matter to the district court for further proceedings. Hearing no response, I emailed Mr. DeJute on or about September 25, 2015, asking again for his client's position. On or about September 28, 2015, Mr. DeJute informed me via email that his client would oppose remand.

3.     On or about June 3, 2015, I contacted Mr. Anthony R. Hakl, counsel of record for Defendants-Appellees the California Attorney General Kamala Harris and the California Department of Justice, asking whether his clients would oppose Appellant's motion for full remand of this matter to the district court for further proceedings. Hearing no response, I emailed Mr. Hakl on or about September 25,

2015, asking again for his client's position. On or about September 28, 2015, Mr. Hakl informed me via email that his clients would oppose remand.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of September, 2015, at Long Beach, California.

Anna M. Barvir
Declarant

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2015, an electronic PDF of

APPELLANT'S MOTION FOR FULL REMAND TO DISTRICT COURT FOR

FURTHER PROCEDINGS was uploaded to the Court's CM/ECF system, which

will automatically generate and send by electronic mail a Notice of Docket

Activity to all registered attorneys participating in the case. Such notice constitutes

service on those registered attorneys.

 Date: September 29, 2015                    **MICHEL & ASSOCIATES, P.C.**

                                         s/ C. D. Michel
                                         C. D. Michel
                                         *Counsel for Plaintiff-Appellant*