**EXHIBIT A**

1  C. D. Michel - Calif. SBN 144258
   Joshua R. Dale - Calif. SBN 209942
2  MICHEL & ASSOCIATES, P.C.
   180 East Ocean Blvd., Suite 200
3  Long Beach, CA 90802
   Telephone: (562) 216-4444
4  Fax: (562) 216-4445
   cmichel@michellawyers.com
5  jdale@michellawyers.com

6  Attorneys for Plaintiff
   Eugene Evan Baker
7

2012 OCT 11  PM 3: 10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___
FILED

8              **UNITED STATES DISTRICT COURT**

9        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  EUGENE EVAN BAKER,              )  CASE NO. CV 10-3996-SVW(AJWx)
                                    )
11          Plaintiff,              )  **FIRST AMENDED COMPLAINT**
                                    )  **FOR:**
12             vs.                  )
                                    )  **(1)   VIOLATION OF FEDERAL**
13  ERIC H. HOLDER, JR., in his official)       **DUE PROCESS CLAUSE AS**
    capacity as ATTORNEY GENERAL   )           **TO APPLICATION OF**
14  OF THE UNITED STATES;           )           **FEDERAL STATUTE TO**
    KAMALA D. HARRIS, in her        )           **DENY CORE RIGHT;**
15  capacity as ATTORNEY GENERAL   )
    FOR THE STATE OF                )  **AND**
16  CALIFORNIA; THE STATE OF        )
    CALIFORNIA DEPARTMENT OF        )  **(2)   VIOLATION OF FEDERAL**
17  JUSTICE; and DOES 1 through 100,)       **EQUAL PROTECTION**
    Inclusive,                      )           **CLAUSE;**
18                                  )
                                    )  **DEMAND FOR JURY TRIAL**
19          Defendants.             )
    _____)

20

21              **PRELIMINARY STATEMENT**

22       1.    This is an action for declaratory and injunctive relief in order that

23  Plaintiff EUGENE EVAN BAKER (hereinafter "Plaintiff" or "Baker") may

24  lawfully receive, own and possess a firearm in the exercise of his rights under the

25  Second Amendment to the Constitution of the United States although he was

26  convicted in the State of California of a misdemeanor crime of domestic violence

27  ("MCDV").

28       2.    Plaintiff was convicted of an MCDV in 1997.  In 2002, Plaintiff was

                                    1

1   allowed to withdraw his prior guilty plea and have the conviction set aside under

2   California Penal Code section 1204.3.  In 2007, the effect of the conclusion in

3   October of that year of a mandatory ten-year ban on Plaintiff's ownership and

4   possession of firearms was that Plaintiff was considered by the state from that point

5   forward to be able to receive, own and possess firearms.  Plaintiff later received an

6   order from a Ventura County Superior Court adjudging all of Plaintiff's firearms

7   rights to have been restored in 2007 for purposes of state law.

8        3.      Notwithstanding the effect of the state law restoring Plaintiff's right to

9   receive, own and possess firearms, as well as an order of the state's judiciary

10  affirming the restoration of Plaintiff's right to receive, own and possess firearms,

11  the application of federal law, i.e., 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9),

12  prevents Plaintiff from receiving or possessing firearms.

13       4.      In furtherance of enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9),

14  the State of California has expressly assumed the role of a "Point of Contact" of the

15  U.S. Department of Justice for purposes of enforcing these sections against

16  California firearms' purchasers.  In this role, the state defendants have denied

17  Plaintiff the opportunity to purchase firearms by these state defendants declaring

18  Plaintiff a person prohibited to receive and possess firearms under Sections

19  921(a)(33)(A)(i) & 922(g)(9), and instructing California firearms dealers to not

20  release firearms to Plaintiff.

21       5.      The effect of the application of these federal statutes by the federal and

22  state defendants to deny Plaintiff the right to keep and bear arms for self-defense

23  violates Plaintiff's Second Amendment right to self-defense.

24                    **JURISDICTION AND VENUE**

25       6.      Jurisdiction of this action is founded on 28 U.S.C. §1331 in that this

26  action arises under the Constitution and laws of the United States, and under 28

27  U.S.C. §1343(3) in that this action seeks to redress the deprivation, under color of

28  the laws, statute, ordinances, regulations, customs and usages of the United States,

2

1  the State of California, and political subdivisions thereof, of rights, privileges or

2  immunities secured by the United States Constitution and by Acts of Congress.

3       7.    Plaintiffs' claims for declaratory and injunctive relief are authorized

4  by 28 U.S.C. §§2201 & 2202.  Plaintiffs' claims for a writ of mandate directed to

5  Defendants are authorized pursuant to 28 U.S.C. §1651.

6       8.    Venue in this judicial district is proper under 28 U.S.C. §1391(b)(1)-

7  (2), because Plaintiff Baker is a resident of this judicial district, all defendants have

8  offices within this judicial district, and the deprivation of rights and other conduct

9  alleged herein occurred within this judicial district.

10  **PARTIES**

11       9.    Plaintiff Baker is a citizen of the United States and a resident of the

12  Somis, California.

13       10.    Defendant Holder is the Attorney General of the United States, and as

14  the chief law enforcement officer of the government of the United States would be

15  responsible for the prosecution of Baker pursuant to 18 U.S.C. §922(g)(9) should

16  Baker be found to have received or possess a firearm in violation of  Sections

17  921(a)(33)(A)(i) & 922(g)(9).  On information and belief, were Baker to exercise

18  his Second Amendment rights by receiving, owning or possessing a firearm,

19  Defendant Holder, through his agents and employees, would arrest and prosecute

20  Plaintiff.  Holder is being sued in his official capacity as U.S. Attorney General.

21       11.    Defendant Kamala D. Harris is the elected Attorney General of the

22  State of California.  In her role as the Attorney General, Defendant Harris is

23  responsible for interpreting, implementing and executing the policies and

24  procedures of the California Department of Justice ("Cal. DOJ") including the Cal.

25  DOJ's policies and procedures as a Point of Contact.  As such, she is responsible

26  for formulating, executing and administering the laws, customs and practices that

27  Plaintiff challenges, and is in fact presently enforcing the challenged laws, customs,

28  and practices against Plaintiff.  Defendant Harris is sued in her official capacity as

1   California Attorney General.

2       12.    Defendant The State of California Department of Justice is a political

3   subdivision of the State of California, and is the designated Point of Contact for

4   California Federal Firearms Licensees ("FFL") to determine whether California

5   purchasers, including Plaintiff, are prohibited persons under 18 U.S.C.

6   §§921(a)(33)(A)(i) & 922(g)(9). Cal. DOJ is obligated under Sections

7   921(a)(33)(A)(i) & 922(g)(9) and analogous California law to assess the criminal

8   backgrounds of firearms purchasers, and is the final authority as to whether

9   California FFLs can release purchased firearms to purchasers, including Plaintiff.

10   As such, Cal. DOJ is responsible for formulating, executing and administering the

11   laws, customs and practices that Plaintiff challenges, and is in fact presently

12   enforcing the challenged laws, customs, and practices against Plaintiff.

13       13.    On information and belief, Defendants DOES 1-100 are employees or

14   agents of defendants Holder, Harris, or Cal. DOJ, or of local governmental

15   agencies, who are responsible for formulating, executing and administering the

16   laws, customs and practices that Plaintiff challenges, and are in fact presently

17   enforcing the challenged laws, customs, and practices against Plaintiff. On

18   information and belief, Defendants DOES 1-100 have facilitated, participated in, or

19   otherwise furthered the denial of the receipt of, ownership of, and possession of

20   firearms by Plaintiff. Plaintiff is unaware of the identities of Defendants DOES 1-

21   100 at the time of the filing of this complaint, and shall seek leave of court to

22   substitute the true names of such defendants when their identities are ascertained.

23                         **FACTS APPLICABLE TO ALL CLAIMS**

24       14.    On September 29, 1997, in the Ventura County Municipal Court,

25   Plaintiff was convicted upon his plea of *nolo contendere* of violating California

26   Penal Code §273.5(a), Infliction of Corporal Injury on Current or Former Spouse or

27   Cohabitant. Such conviction was a MCDV for purposes of 18 U.S.C.

28   §§921(a)(33)(A)(i) & 922(g)(9). On October 20, 1997, Plaintiff was sentenced to a

three-year probationary sentence with certain terms and conditions; among which was a condition that he "not own, possess, or have access to any firearm or dangerous weapon" for a period of ten years pursuant to former California Penal Code §12021(c)(1).

15.     Plaintiff successfully completed all of the terms of his probation, and on February 24, 2002, submitted his application for expungement and set-aside pursuant to California Penal Code §1203.4.  On June 19, 2002, the Ventura County Superior Court granted the motion under Section 1203.4 and signed an Order, thereby ordering Plaintiff's 1997 conviction be set aside, the *nolo contendere* plea be withdrawn, a plea of not guilty be entered, and the original criminal complaint be deemed dismissed.  The 2002 Order did not contain any language that Plaintiff was thereafter uniquely prohibited from personally shipping, transporting, possessing, or receiving firearms once the ten-year suspension of Plaintiff's firearms' ownership and possession rights pursuant to former Section 12021(c)(1) ended.

16.     The ten-year suspension of Plaintiff's firearm ownership and possession rights remained in force until it expired on October 20, 2007. From the date of his 1997 arrest to the present, including his probationary term and the entire ten-year term of former Section 12021(c)(1), Plaintiff has never been convicted of any other criminal behavior, including any crime which would disqualify Plaintiff from receiving, owning or possessing a firearm under federal or state law.

17.     In or about May 2009, Plaintiff attempted to effect a firearms purchase at Ojai Valley Surplus, a federal firearms licensee ("FFL") located in Ojai, California, Ojai Valley Surplus contacted Cal. DOJ to submit Plaintiff's purchase. On June 8, 2009, Defendant Cal. DOJ sent a letter to Ojai Valley Surplus which stated that Plaintiff "is a person not eligible to posses (sic) a firearm." Cal. DOJ further ordered Ojai Valley Surplus to not release the firearm to Plaintiff.

18.     On August 25 , 2010, in response to an inquiry from Plaintiff's

1    attorney, Defendant Cal. DOJ sent Plaintiff a letter explaining why Plaintiff's

2    attempted 2009 firearms purchase had been denied. The letter stated that Cal. DOJ

3    has "identified a record in a state or federal database which indicates that you are

4    prohibited by state and/or federal law from purchasing or possessing firearms." The

5    letter further states that the disqualifying record is a conviction for "Misdemeanor

6    domestic violence convictions (273.5PC, 243(E)(1)PC Convictions over 10 years

7    old)-Federal Brady Act, effected November 30, 1998."

8         19.    On information and belief, Cal. DOJ's denial of Plaintiff's 2009

9    firearms purchase was due to Cal. DOJ fulfilling its role as a Point of Contact, and

10   adjudging that Plaintiff was prohibited receiving and possessing a firearm pursuant

11   to 18 U.S.C. §922(g)(9).  On information and belief, as a Point of Contact, as part

12   of performing the above-mentioned check, Cal. DOJ submitted Plaintiff's name and

13   other identifying information to the U.S. Department of Justice's Federal Bureau of

14   Investigation ("FBI") to check whether Plaintiff was prohibited from receiving or

15   possessing a firearm based on information within the National Instant Criminal

16   Background Check System ("NICS")[1].

17        20.    On March 11, 2010, plaintiff appeared in the Ventura County Superior

18   Court and moved for an order declaring that he was legally entitled under both state

19   and federal law to purchase and own a firearm.  The Hon. Judge Edward Brodie

20   granted the order, declaring that Plaintiff "is entitled to purchase, own and possess

21   firearms consistent with the laws of the State of California."

22        21.    Plaintiff desires to purchase one or more firearms for his personal

23   protection and the protection of his family and property but does not wish to run

24   the risk of being arrested, charged, convicted and punished pursuant to 18 U.S.C.

25

26   _____

27        [1]    National Instant Criminal Background Check System (NICS)
     Operations 2011. *See*

28   <http://www.fbi.gov/about-us/cjis/nics/reports/2011-operations-report/operations-report-2011>

FIRST AMENDED COMPLAINT  [#CV 10-3996-SVW(AJWx)]

1  §922(g)(9) in the attempted exercise of his Second Amendment rights.

2  **RELEVANT CALIFORNIA PENAL STATUTES**

3  22.   Plaintiff was convicted of violating California Penal Code §273.5(a)

4  on October 29, 1997.  Section 273.5(a), in relevant part, provides:

5  > Any person who willfully inflicts upon a person who is
> his or her spouse, former spouse, cohabitant, former
6  > cohabitant, or the mother or father of his or her child,
> corporal injury resulting in a traumatic condition, is guilty
7  > of a felony, and upon conviction thereof shall be punished
> by imprisonment in the state prison for two, three, or four
8  > years, or in a county jail for not more than one year, or by
> a fine of up to six thousand dollars ($6,000.00) or by both
9  > that fine and imprisonment.

10  23.   All persons convicted of violating Section 273.5(a) are subject to a

11  statutory ten-year ban on firearm possession pursuant to Penal Code §29805

12  (formerly Penal Code §12021(c)(1))[2]:

13  > Except as provided in Section 29855 or subdivision (a) of
> Section 29800, any person who has been convicted of a
14  > misdemeanor violation of Section . . . 273.5, . . . and who,
> within 10 years of the conviction, owns, purchases,
15  > receives, or has in possession or under custody or control,
> any firearm is guilty of a public offense, which shall be
16  > punishable by imprisonment in a county jail not
> exceeding one year or in the state prison, by a fine not
17  > exceeding one thousand dollars ($1,000), or by both that
> imprisonment and fine.

18
19  24.   California Penal Code §1203.4 provides the means whereby those who

have successfully completed a grant of probation after having been convicted of
20
certain penal offenses may petition the court to grant expungement and set-aside
21
relief.  As to the effect of a Section 1203.4 motion on a firearms prohibition,
22
Section 1203.4 provides in relevant part:
23
24  > (a)(2)  Dismissal of an accusation or information pursuant
> to this section does not permit a person to own, possess,
> or have in his or her custody or control any firearm or
25  > prevent his or her conviction under Chapter 2

26  _____

27  [2]   Because prior to January 1, 2012, the text of Section 29805 was

28  contained in Penal Code §12021., all references in Plaintiff's sentencing order are
to former Section 12021.  *See* Paragraph 14, *supra*.

7

(commencing with Section 29800) of Division 9 of Title 4 of Part 6.

25.    An order granted under Section 1203.4 does not end or shorten the ten-year ban imposed under Section 29805.  But an order granted under Section 1203.4 does not increase or make permanent the Section 29805 ban.  Once the ten-year period under Section 29805 has ended, and assuming no further criminal behavior by the person during that period, by law California considers the MCDV convict to have been fully restored his or her rights under California law to receive, own or possess a firearm at the conclusion of the ten-year period.

## RELEVANT FEDERAL & STATE FIREARMS LAWS

26.    The Second Amendment to the U.S. Constitution of the United States reads: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."  The Fourteenth Amendment to the U.S. Constitution incorporates the Second Amendment to the citizens of the states.  The Fourteenth Amendment also guarantees states' citizens equal protection of the laws and that core rights of the citizens under the Constitution may not be infringed upon without, at a minimum, due process.

27.    18 U.S.C. §922(g)(9) reads: "It shall be unlawful for any person.. .who has been convicted in any court of a misdemeanor crime of domestic violence (MCDV), to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

28.    18 U.S.C. §921(a)(33)(A)(i) defines an "MCDV."  The California crime for which Plaintiff was convicted in 1997 is a disqualifying MCDV for purposes of that statute and Section 922(g)(9).

29.    The Gun Control Act and the Brady Handgun Violence Prevention Act, of which 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) are a part, are implemented and interpreted by the  U.S. Department of Justice through regulations

8

1  published at 28 C.F.R., Part 25. The U.S. Department of Justice has adopted

2  regulations published at 28 C.F.R. §§25.1 & 25.6 which allow state law

3  enforcement agencies to act as a Point of Contact for querying the federal NICS

4  database to determine whether a firearm purchaser is prohibited from receiving or

5  possessing a firearm, in lieu of the FBI conducting such searches.  California's

6  legislature has agreed to have Cal. DOJ act as the Point of Contact for all purchases

7  and transfer of firearms by California residents, by its adoption of California Penal

8  Code §28220(b).

### FIRST CLAIM  FOR
### VIOLATION OF FEDERAL DUE PROCESS
### CLAUSE AS TO APPLICATION  OF
### FEDERAL STATUTE TO DENY CORE RIGHT
### (Against All  Defendants)

14       30.   Plaintiff fully reincorporates Paragraphs 1-29, *supra*, as though fully

15  alleged hereinafter.

16       31.   Without due process of law, Defendants, in applying and enforcing 18

17  U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) as to Plaintiff to proscribe him from

18  receiving or possessing firearms, have denied Plaintiff the exercise of his right to

19  keep and bear arms under the Second Amendment to the Constitution, a core right.

20       32.   On information and belief, Defendants, and each of them, have

21  implemented and enforced 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in the manner

22  described herein for the governmental purpose of general crimefighting

23       33.   The application and enforcement of 18 U.S.C. §§921(a)(33)(A)(i) &

24  922(g)(9) to proscribe Plaintiff from receiving or possessing a firearm does not

25  comport with the historical scope of the Second Amendment at the time it was

26  enacted.  Alternatively, on information and belief the application and enforcement

27  of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) to proscribe Plaintiff from receiving

28  or possessing a firearm does not further a compelling governmental interest,

insomuch as Defendants do not have a compelling interest in preventing Plaintiff, a person adjudged by California to be fit to own and possess a firearm, from receiving, owning or possessing a firearm.  Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is neither narrowly tailored nor the least restrictive means for achieving the government's general crimefighting interest.

34.   Alternatively, on information and belief the application and enforcement of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) to proscribe Plaintiff from receiving or possessing a firearm is not substantially related to achieving an important governmental interest, insomuch as Defendants do not have a important interest in preventing Plaintiff, a person adjudged by California to no longer be a danger such that California deems such person fit to receive, own and possess a firearm as a matter of law, from receiving, owning or possessing a firearm.

35.   At all times, Defendants Holder, Harris and DOES 1-100 were acting pursuant to 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9).  On information and belief, Defendants, and each of them, will continue to implement and enforce 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in a manner that infringes upon Plaintiff's exercise of his Second Amendment rights, absent the grant of the relief requested.

## SECOND CLAIM FOR
## VIOLATION OF FEDERAL EQUAL
## PROTECTION CLAUSE
### (Against All  Defendants)

36.   Plaintiff fully reincorporates Paragraphs 1-29, *supra*, as though fully alleged hereinafter.

37.   Plaintiff is of a class of firearms purchasers who have previously been convicted of an MCDV but have fulfilled the terms of their probation or have otherwise not been convicted of a crime for a period of ten years following their MCDV conviction.

38.    By Defendants, and each of them, implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in a manner to deny Plaintiff the receipt, ownership or possession of firearms despite Plaintiff having been adjudged by California to be fit to receive, own and possess a firearm, Defendants have prevented Plaintiff, and all other California citizens of Plaintiff's class, from exercising their core right to keep and bear arms for self-defense under the Second Amendment.  On information and belief, all California citizens of the same class as Plaintiff, i.e., who have fulfilled the requirements of Section 29805 for the requisite ten-year period, are, like Plaintiff, prevented from receiving, owning or possessing firearms, and, like Plaintiff, are subject to arrest should they receive, own or possess a firearm.  As such, on information and belief, even if Plaintiff should be granted such relief as requested herein as to himself, unless Plaintiff is granted the relief requested as to the further implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9) against all California citizens by Defendants, the constitutional violations complained of herein are capable of repetition while evading review.

39.    On information and belief, Defendants, and each of them, have implemented and enforced 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in the manner described herein for the governmental purpose of general crimefighting.  On information and belief, in no instance does Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner comport with the historical scope of the Second Amendment, in that as implemented Sections 921(a)(33)(A)(i) & 922(g)(9) unlawfully restrict the right to bear arms for self-defense as that right was understood by those who drafted and enacted both the Second and Fourteenth Amendments.

40.    Alternatively, on information and belief, in no instance does Defendants' proffered basis implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) comply with the Fourteenth Amendment to the

United States Constitution, insomuch as Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner does not further a compelling governmental interest.  Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is neither narrowly tailored nor the least restrictive means for achieving the government's general crimefighting interest.

41.    Alternatively, on information and belief, in no instance does Defendants' proffered basis implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) comply with the Fourteenth Amendment to the United States Constitution, insomuch as Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner does not further an important governmental interest.  Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is not substantially related to achieving the government's general crimefighting interest, insomuch as Defendants do not have a important interest in preventing Plaintiff, a person adjudged by California to no longer be a danger such that California deems fit to receive, own and possess a firearm as a matter of law, from receiving or and possessing a firearm.

42.    By reason of the Defendants' interpretation and implementation of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9), and the resultant denial to Plaintiff of the receipt, ownership or possession of firearms for self-defense, Defendants have unlawfully interfered with Plaintiff's exercise of his core self-defense right under the Second Amendment to the United States Constitution, thereby denying Plaintiff the equal protection of the Second Amendment as is afforded to other citizens.

43.    At all times, Defendants Holder, Harris and DOES 1-100 were acting pursuant to 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9).  On information and belief, Defendants, and each of them, will continue to implement and enforce Sections 921(a)(33)(A)(i) & 922(g)(9) in a manner that infringes upon Plaintiff's exercise of

12

his Second Amendment rights, absent the grant of the relief requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that this Court enter a judgment in his favor and against the Defendants as follows:

1.     For a declaration that Defendants' implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9), as applied to Plaintiff, is unconstitutional;

2.     That a writ of mandate be issued from this Court pursuant to 28 U.S.C. §1651 directing Defendants to cease implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner as prevents Plaintiff, and all other California citizens who have fulfilled the requirements of California Penal Code §29805 and who do not otherwise labor under any other disqualifying circumstance, from receiving, owning or possessing firearms;

3.     For a judicial declaration that since October 20, 2007, Eugene Evan Baker has been entitled to exercise his rights under the Second Amendment to the Constitution of the United States and that he is entitled under federal law to receive and possess firearms and ammunition without risk and threat of prosecution by Defendants and their representatives or agents;

3.     For an order enjoining Defendants, and their representatives and agents, from arresting and prosecuting Eugene Evan Baker for any future alleged violation of 18 U.S.C. §922(g)(9) for so long as he remains free of any disqualifying conviction or circumstance;

4.     For an order that all computers and other records relied upon by Defendants and their representatives or agents, concerning those persons allegedly prohibited from receiving, owning or possessing a firearm pursuant to 18 U.S.C. §922(g)(9), be purged of all information and content concerning the arrest, conviction and sentencing of Eugene Evan Baker, or, alternatively, for an order that all computers and other records relied upon by Defendants and their representatives or agents, concerning those persons allegedly prohibited from receiving, owning or

FIRST AMENDED COMPLAINT  [#CV 10-3996-SVW(AJWx)]

possessing a firearm pursuant to 18 U.S.C. §922(g)(9), include a notation that notwithstanding Plaintiff's arrest, conviction and sentencing in 1997 for an MCDV, Plaintiff is not disqualified thereby from receiving, owning or possessing a firearm;

5.    For attorney's fees and costs of suit pursuant to 28 U.S.C. §2412; and

6.    Any further relief as the Court deems just and proper.

Dated:  October 11, 2012                MICHEL & ASSOCIATES, P.C.

_____

C.D. Michel
E-mail:cmichel@michellawyers.com
Attorneys for Plaintiff
Eugene Evan Baker


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of his peers.

Dated:  October 11, 2012                MICHEL & ASSOCIATES, P.C.

_____

C.D. Michel
E-mail:cmichel@michellawyers.com
Attorneys for Plaintiff
Eugene Evan Baker

FIRST AMENDED COMPLAINT   [#CV 10-3996-SVW(AJWx)]

1  C. D. Michel - Calif. SBN 144258
   Joshua R. Dale - Calif. SBN 209942
2  MICHEL & ASSOCIATES, P.C.
   180 East Ocean Blvd., Suite 200
3  Long Beach, CA 90802
   Telephone: (562) 216-4444
4  Fax: (562) 216-4445
   cmichel@michellawyers.com
5  jdale@michellawyers.com

6  Attorneys for Plaintiff
   Eugene Evan Baker
7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  EUGENE EVAN BAKER,            )   CASE NO. CV 10-3996-SVW(AJWx)
                                  )
11        Plaintiff,             )   FIRST AMENDED COMPLAINT
                                  )   FOR:
12        vs.                    )
                                  )   (1)  VIOLATION OF FEDERAL
13  ERIC H. HOLDER, JR., in his official)      DUE PROCESS CLAUSE AS
    capacity as ATTORNEY GENERAL )           TO APPLICATION OF
14  OF THE UNITED STATES;        )           FEDERAL STATUTE TO
    KAMALA D. HARRIS, in her     )           DENY CORE RIGHT;
15  capacity as ATTORNEY GENERAL )
    FOR THE STATE OF             )   AND
16  CALIFORNIA; THE STATE OF     )
    CALIFORNIA DEPARTMENT OF     )   (2)  VIOLATION OF FEDERAL
17  JUSTICE; and DOES 1 through 100, )      EQUAL PROTECTION
    Inclusive,                   )           CLAUSE;
18                                )
                                  )   DEMAND FOR JURY TRIAL
19        Defendants.            )
    _____)

20

21              PRELIMINARY STATEMENT

22        1.    This is an action for declaratory and injunctive relief in order that

23  Plaintiff EUGENE EVAN BAKER (hereinafter "Plaintiff" or "Baker") may

24  lawfully receive, own and possess a firearm in the exercise of his rights under the

25  Second Amendment to the Constitution of the United States although he was

26  convicted in the State of California of a misdemeanor crime of domestic violence

27  ("MCDV").

28        2.    Plaintiff was convicted of an MCDV in 1997.  In 2002, Plaintiff was

                                    1

1   allowed to withdraw his prior guilty plea and have the conviction set aside under

2   California Penal Code section 1204.3.  In 2007, the effect of the conclusion in

3   October of that year of a mandatory ten-year ban on Plaintiff's ownership and

4   possession of firearms was that Plaintiff was considered by the state from that point

5   forward to be able to receive, own and possess firearms.  Plaintiff later received an

6   order from a Ventura County Superior Court adjudging all of Plaintiff's firearms

7   rights to have been restored in 2007 for purposes of state law.

8          3.     Notwithstanding the effect of the state law restoring Plaintiff's right to

9   receive, own and possess firearms, as well as an order of the state's judiciary

10  affirming the restoration of Plaintiff's right to receive, own and possess firearms,

11  the application of federal law, i.e., 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9),

12  prevents Plaintiff from receiving or possessing firearms.

13         4.     In furtherance of enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9),

14  the State of California has expressly assumed the role of a "Point of Contact" of the

15  U.S. Department of Justice for purposes of enforcing these sections against

16  California firearms' purchasers.  In this role, the state defendants have denied

17  Plaintiff the opportunity to purchase firearms by these state defendants declaring

18  Plaintiff a person prohibited to receive and possess firearms under Sections

19  921(a)(33)(A)(i) & 922(g)(9), and instructing California firearms dealers to not

20  release firearms to Plaintiff.

21         5.     The effect of the application of these federal statutes by the federal and

22  state defendants to deny Plaintiff the right to keep and bear arms for self-defense

23  violates Plaintiff's Second Amendment right to self-defense.

24                        **JURISDICTION AND VENUE**

25         6.     Jurisdiction of this action is founded on 28 U.S.C. §1331 in that this

26  action arises under the Constitution and laws of the United States, and under 28

27  U.S.C. §1343(3) in that this action seeks to redress the deprivation, under color of

28  the laws, statute, ordinances, regulations, customs and usages of the United States,

2

the State of California, and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

7.    Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 & 2202.  Plaintiffs' claims for a writ of mandate directed to Defendants are authorized pursuant to 28 U.S.C. §1651.

8.    Venue in this judicial district is proper under 28 U.S.C. §1391(b)(1)-(2), because Plaintiff Baker is a resident of this judicial district, all defendants have offices within this judicial district, and the deprivation of rights and other conduct alleged herein occurred within this judicial district.

## PARTIES

9.    Plaintiff Baker is a citizen of the United States and a resident of the Somis, California.

10.   Defendant Holder is the Attorney General of the United States, and as the chief law enforcement officer of the government of the United States would be responsible for the prosecution of Baker pursuant to 18 U.S.C. §922(g)(9) should Baker be found to have received or possess a firearm in violation of  Sections 921(a)(33)(A)(i) & 922(g)(9).  On information and belief, were Baker to exercise his Second Amendment rights by receiving, owning or possessing a firearm, Defendant Holder, through his agents and employees, would arrest and prosecute Plaintiff.  Holder is being sued in his official capacity as U.S. Attorney General.

11.   Defendant Kamala D. Harris is the elected Attorney General of the State of California.  In her role as the Attorney General, Defendant Harris is responsible for interpreting, implementing and executing the policies and procedures of the California Department of Justice ("Cal. DOJ") including the Cal. DOJ's policies and procedures as a Point of Contact.  As such, she is responsible for formulating, executing and administering the laws, customs and practices that Plaintiff challenges, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiff.  Defendant Harris is sued in her official capacity as

3

1  California Attorney General.

2      12.    Defendant The State of California Department of Justice is a political

3  subdivision of the State of California, and is the designated Point of Contact for

4  California Federal Firearms Licensees ("FFL") to determine whether California

5  purchasers, including Plaintiff, are prohibited persons under 18 U.S.C.

6  §§921(a)(33)(A)(i) & 922(g)(9).  Cal. DOJ is obligated under Sections

7  921(a)(33)(A)(i) & 922(g)(9) and analogous California law to assess the criminal

8  backgrounds of firearms purchasers, and is the final authority as to whether

9  California FFLs can release purchased firearms to purchasers, including Plaintiff.

10  As such, Cal. DOJ is responsible for formulating, executing and administering the

11  laws, customs and practices that Plaintiff challenges, and is in fact presently

12  enforcing the challenged laws, customs, and practices against Plaintiff.

13      13.    On information and belief, Defendants DOES 1-100 are employees or

14  agents of defendants Holder, Harris, or Cal. DOJ, or of local governmental

15  agencies, who are responsible for formulating, executing and administering the

16  laws, customs and practices that Plaintiff challenges, and are in fact presently

17  enforcing the challenged laws, customs, and practices against Plaintiff.  On

18  information and belief, Defendants DOES 1-100 have facilitated, participated in, or

19  otherwise furthered the denial of the receipt of, ownership of, and possession of

20  firearms by Plaintiff.  Plaintiff is unaware of the identities of Defendants DOES 1-

21  100 at the time of the filing of this complaint, and shall seek leave of court to

22  substitute the true names of such defendants when their identities are ascertained.

23          **FACTS APPLICABLE TO ALL CLAIMS**

24      14.    On September 29, 1997, in the Ventura County Municipal Court,

25  Plaintiff was convicted upon his plea of *nolo contendere* of violating California

26  Penal Code §273.5(a), Infliction of Corporal Injury on Current or Former Spouse or

27  Cohabitant.  Such conviction was a MCDV for purposes of 18 U.S.C.

28  §§921(a)(33)(A)(i) & 922(g)(9).  On October 20, 1997, Plaintiff was sentenced to a

4

1   three-year probationary sentence with certain terms and conditions; among which

2   was a condition that he "not own, possess, or have access to any firearm or

3   dangerous weapon" for a period of ten years pursuant to former California Penal

4   Code §12021(c)(1).

5       15.    Plaintiff successfully completed all of the terms of his probation, and

6   on February 24, 2002, submitted his application for expungement and set-aside

7   pursuant to California Penal Code §1203.4.  On June 19, 2002, the Ventura County

8   Superior Court granted the motion under Section 1203.4 and signed an Order,

9   thereby ordering Plaintiff's 1997 conviction be set aside, the *nolo contendere* plea

10  be withdrawn, a plea of not guilty be entered, and the original criminal complaint

11  be deemed dismissed.  The 2002 Order did not contain any language that Plaintiff

12  was thereafter uniquely prohibited from personally shipping, transporting,

13  possessing, or receiving firearms once the ten-year suspension of Plaintiff's

14  firearms' ownership and possession rights pursuant to former Section 12021(c)(1)

15  ended.

16      16.    The ten-year suspension of Plaintiff's firearm ownership and

17  possession rights remained in force until it expired on October 20, 2007. From the

18  date of his 1997 arrest to the present, including his probationary term and the entire

19  ten-year term of former Section 12021(c)(1), Plaintiff has never been convicted of

20  any other criminal behavior, including any crime which would disqualify Plaintiff

21  from receiving, owning or possessing a firearm under federal or state law.

22      17.    In or about May 2009, Plaintiff attempted to effect a firearms purchase

23  at Ojai Valley Surplus, a federal firearms licensee ("FFL") located in Ojai,

24  California, Ojai Valley Surplus contacted Cal. DOJ to submit Plaintiff's purchase.

25  On June 8, 2009, Defendant Cal. DOJ sent a letter to Ojai Valley Surplus which

26  stated that Plaintiff "is a person not eligible to posses (sic) a firearm."  Cal. DOJ

27  further ordered Ojai Valley Surplus to not release the firearm to Plaintiff.

28      18.    On August 25 , 2010, in response to an inquiry from Plaintiff's

5

FIRST AMENDED COMPLAINT   [#CV 10-3996-SVW(AJWx)]

1  attorney, Defendant Cal. DOJ sent Plaintiff a letter explaining why Plaintiff's

2  attempted 2009 firearms purchase had been denied. The letter stated that Cal. DOJ

3  has "identified a record in a state or federal database which indicates that you are

4  prohibited by state and/or federal law from purchasing or possessing firearms." The

5  letter further states that the disqualifying record is a conviction for "Misdemeanor

6  domestic violence convictions (273.5PC, 243(E)(1)PC Convictions over 10 years

7  old)-Federal Brady Act, effected November 30, 1998."

8       19.    On information and belief, Cal. DOJ's denial of Plaintiff's 2009

9  firearms purchase was due to Cal. DOJ fulfilling its role as a Point of Contact, and

10  adjudging that Plaintiff was prohibited receiving and possessing a firearm pursuant

11  to 18 U.S.C. §922(g)(9).  On information and belief, as a Point of Contact, as part

12  of performing the above-mentioned check, Cal. DOJ submitted Plaintiff's name and

13  other identifying information to the U.S. Department of Justice's Federal Bureau of

14  Investigation ("FBI") to check whether Plaintiff was prohibited from receiving or

15  possessing a firearm based on information within the National Instant Criminal

16  Background Check System ("NICS")[1].

17       20.    On March 11, 2010, plaintiff appeared in the Ventura County Superior

18  Court and moved for an order declaring that he was legally entitled under both state

19  and federal law to purchase and own a firearm.  The Hon. Judge Edward Brodie

20  granted the order, declaring that Plaintiff "is entitled to purchase, own and possess

21  firearms consistent with the laws of the State of California."

22       21.    Plaintiff desires to purchase one or more firearms for his personal

23  protection and the protection of his family and property but does not wish to run

24  the risk of being arrested, charged, convicted and punished pursuant to 18 U.S.C.

25

26  _____

27      [1]    National Instant Criminal Background Check System (NICS) Operations 2011. *See*

28  <http://www.fbi.gov/about-us/cjis/nics/reports/2011-operations-report/operations-report-2011>

FIRST AMENDED COMPLAINT  [#CV 10-3996-SVW(AJWx)]

§922(g)(9) in the attempted exercise of his Second Amendment rights.

## RELEVANT CALIFORNIA PENAL STATUTES

22.    Plaintiff was convicted of violating California Penal Code §273.5(a) on October 29, 1997.  Section 273.5(a), in relevant part, provides:

> Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000.00) or by both that fine and imprisonment.

23.    All persons convicted of violating Section 273.5(a) are subject to a statutory ten-year ban on firearm possession pursuant to Penal Code §29805 (formerly Penal Code §12021(c)(1))[2]:

> Except as provided in Section 29855 or subdivision (a) of Section 29800, any person who has been convicted of a misdemeanor violation of Section . . . 273.5, . . . and who, within 10 years of the conviction, owns, purchases, receives, or has in possession or under custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

24.    California Penal Code §1203.4 provides the means whereby those who have successfully completed a grant of probation after having been convicted of certain penal offenses may petition the court to grant expungement and set-aside relief.  As to the effect of a Section 1203.4 motion on a firearms prohibition, Section 1203.4 provides in relevant part:

> (a)(2)  Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2

---

[2]    Because prior to January 1, 2012, the text of Section 29805 was contained in Penal Code §12021., all references in Plaintiff's sentencing order are to former Section 12021.  *See* Paragraph 14, *supra*.

7

(commencing with Section 29800) of Division 9 of Title 4 of Part 6.

25.     An order granted under Section 1203.4 does not end or shorten the ten-year ban imposed under Section 29805.  But an order granted under Section 1203.4 does not increase or make permanent the Section 29805 ban.  Once the ten-year period under Section 29805 has ended, and assuming no further criminal behavior by the person during that period, by law California considers the MCDV convict to have been fully restored his or her rights under California law to receive, own or possess a firearm at the conclusion of the ten-year period.

## RELEVANT FEDERAL & STATE FIREARMS LAWS

26.     The Second Amendment to the U.S. Constitution of the United States reads: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."  The Fourteenth Amendment to the U.S. Constitution incorporates the Second Amendment to the citizens of the states.  The Fourteenth Amendment also guarantees states' citizens equal protection of the laws and that core rights of the citizens under the Constitution may not be infringed upon without, at a minimum, due process.

27.     18 U.S.C. §922(g)(9) reads: "It shall be unlawful for any person.. .who has been convicted in any court of a misdemeanor crime of domestic violence (MCDV), to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

28.     18 U.S.C. §921(a)(33)(A)(i) defines an "MCDV."  The California crime for which Plaintiff was convicted in 1997 is a disqualifying MCDV for purposes of that statute and Section 922(g)(9).

29.     The Gun Control Act and the Brady Handgun Violence Prevention Act, of which 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) are a part, are implemented and interpreted by the  U.S. Department of Justice through regulations

8

1  published at 28 C.F.R., Part 25. The U.S. Department of Justice has adopted

2  regulations published at 28 C.F.R. §§25.1 & 25.6 which allow state law

3  enforcement agencies to act as a Point of Contact for querying the federal NICS

4  database to determine whether a firearm purchaser is prohibited from receiving or

5  possessing a firearm, in lieu of the FBI conducting such searches.  California's

6  legislature has agreed to have Cal. DOJ act as the Point of Contact for all purchases

7  and transfer of firearms by California residents, by its adoption of California Penal

8  Code §28220(b).

## FIRST CLAIM  FOR
## VIOLATION OF FEDERAL DUE PROCESS
## CLAUSE AS TO APPLICATION  OF
## FEDERAL STATUTE TO DENY CORE RIGHT
### (Against All  Defendants)

14     30.     Plaintiff fully reincorporates Paragraphs 1-29, *supra*, as though fully

15  alleged hereinafter.

16     31.     Without due process of law, Defendants, in applying and enforcing 18

17  U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) as to Plaintiff to proscribe him from

18  receiving or possessing firearms, have denied Plaintiff the exercise of his right to

19  keep and bear arms under the Second Amendment to the Constitution, a core right.

20     32.     On information and belief, Defendants, and each of them, have

21  implemented and enforced 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in the manner

22  described herein for the governmental purpose of general crimefighting

23     33.     The application and enforcement of 18 U.S.C. §§921(a)(33)(A)(i) &

24  922(g)(9) to proscribe Plaintiff from receiving or possessing a firearm does not

25  comport with the historical scope of the Second Amendment at the time it was

26  enacted.  Alternatively, on information and belief the application and enforcement

27  of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) to proscribe Plaintiff from receiving

28  or possessing a firearm does not further a compelling governmental interest,

9

1 | insomuch as Defendants do not have a compelling interest in preventing Plaintiff, a
2 | person adjudged by California to be fit to own and possess a firearm, from
3 | receiving, owning or possessing a firearm.  Alternatively, Defendants' proffered
4 | basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is
5 | neither narrowly tailored nor the least restrictive means for achieving the
6 | government's general crimefighting interest.

7 |      34.    Alternatively, on information and belief the application and
8 | enforcement of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) to proscribe Plaintiff
9 | from receiving or possessing a firearm is not substantially related to achieving an
10 | important governmental interest, insomuch as Defendants do not have a important
11 | interest in preventing Plaintiff, a person adjudged by California to no longer be a
12 | danger such that California deems such person fit to receive, own and possess a
13 | firearm as a matter of law, from receiving, owning or possessing a firearm.

14 |      35.    At all times, Defendants Holder, Harris and DOES 1-100 were acting
15 | pursuant to 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9).  On information and belief,
16 | Defendants, and each of them, will continue to implement and enforce 18 U.S.C.
17 | §§921(a)(33)(A)(i) & 922(g)(9) in a manner that infringes upon Plaintiff's exercise
18 | of his Second Amendment rights, absent the grant of the relief requested.

### SECOND CLAIM FOR
### VIOLATION OF FEDERAL EQUAL
### PROTECTION CLAUSE
#### (Against All  Defendants)

23 |      36.    Plaintiff fully reincorporates Paragraphs 1-29, *supra*, as though fully
24 | alleged hereinafter.

25 |      37.    Plaintiff is of a class of firearms purchasers who have previously been
26 | convicted of an MCDV but have fulfilled the terms of their probation or have
27 | otherwise not been convicted of a crime for a period of ten years following their
28 | MCDV conviction.

38.     By Defendants, and each of them, implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in a manner to deny Plaintiff the receipt, ownership or possession of firearms despite Plaintiff having been adjudged by California to be fit to receive, own and possess a firearm, Defendants have prevented Plaintiff, and all other California citizens of Plaintiff's class, from exercising their core right to keep and bear arms for self-defense under the Second Amendment. On information and belief, all California citizens of the same class as Plaintiff, i.e., who have fulfilled the requirements of Section 29805 for the requisite ten-year period, are, like Plaintiff, prevented from receiving, owning or possessing firearms, and, like Plaintiff, are subject to arrest should they receive, own or possess a firearm. As such, on information and belief, even if Plaintiff should be granted such relief as requested herein as to himself, unless Plaintiff is granted the relief requested as to the further implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9) against all California citizens by Defendants, the constitutional violations complained of herein are capable of repetition while evading review.

39.     On information and belief, Defendants, and each of them, have implemented and enforced 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in the manner described herein for the governmental purpose of general crimefighting. On information and belief, in no instance does Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner comport with the historical scope of the Second Amendment, in that as implemented Sections 921(a)(33)(A)(i) & 922(g)(9) unlawfully restrict the right to bear arms for self-defense as that right was understood by those who drafted and enacted both the Second and Fourteenth Amendments.

40.     Alternatively, on information and belief, in no instance does Defendants' proffered basis implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) comply with the Fourteenth Amendment to the

United States Constitution, insomuch as Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner does not further a compelling governmental interest.  Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is neither narrowly tailored nor the least restrictive means for achieving the government's general crimefighting interest.

41.    Alternatively, on information and belief, in no instance does Defendants' proffered basis implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) comply with the Fourteenth Amendment to the United States Constitution, insomuch as Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner does not further an important governmental interest.  Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is not substantially related to achieving the government's general crimefighting interest, insomuch as Defendants do not have a important interest in preventing Plaintiff, a person adjudged by California to no longer be a danger such that California deems fit to receive, own and possess a firearm as a matter of law, from receiving or and possessing a firearm.

42.    By reason of the Defendants' interpretation and implementation of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9), and the resultant denial to Plaintiff of the receipt, ownership or possession of firearms for self-defense, Defendants have unlawfully interfered with Plaintiff's exercise of his core self-defense right under the Second Amendment to the United States Constitution, thereby denying Plaintiff the equal protection of the Second Amendment as is afforded to other citizens.

43.    At all times, Defendants Holder, Harris and DOES 1-100 were acting pursuant to 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9).  On information and belief, Defendants, and each of them, will continue to implement and enforce Sections 921(a)(33)(A)(i) & 922(g)(9) in a manner that infringes upon Plaintiff's exercise of

his Second Amendment rights, absent the grant of the relief requested.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that this Court enter a judgment in his favor and against the Defendants as follows:

1.     For a declaration that Defendants' implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9), as applied to Plaintiff, is unconstitutional;

2.     That a writ of mandate be issued from this Court pursuant to 28 U.S.C. §1651 directing Defendants to cease implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner as prevents Plaintiff, and all other California citizens who have fulfilled the requirements of California Penal Code §29805 and who do not otherwise labor under any other disqualifying circumstance, from receiving, owning or possessing firearms;

3.     For a judicial declaration that since October 20, 2007, Eugene Evan Baker has been entitled to exercise his rights under the Second Amendment to the Constitution of the United States and that he is entitled under federal law to receive and possess firearms and ammunition without risk and threat of prosecution by Defendants and their representatives or agents;

3.     For an order enjoining Defendants, and their representatives and agents, from arresting and prosecuting Eugene Evan Baker for any future alleged violation of 18 U.S.C. §922(g)(9) for so long as he remains free of any disqualifying conviction or circumstance;

4.     For an order that all computers and other records relied upon by Defendants and their representatives or agents, concerning those persons allegedly prohibited from receiving, owning or possessing a firearm pursuant to 18 U.S.C. §922(g)(9), be purged of all information and content concerning the arrest, conviction and sentencing of Eugene Evan Baker, or, alternatively, for an order that all computers and other records relied upon by Defendants and their representatives or agents, concerning those persons allegedly prohibited from receiving, owning or

13

possessing a firearm pursuant to 18 U.S.C. §922(g)(9), include a notation that notwithstanding Plaintiff's arrest, conviction and sentencing in 1997 for an MCDV, Plaintiff is not disqualified thereby from receiving, owning or possessing a firearm;

     5.    For attorney's fees and costs of suit pursuant to 28 U.S.C. §2412; and

     6.    Any further relief as the Court deems just and proper.

Dated:  October 11, 2012       **MICHEL & ASSOCIATES, P.C.**

                                       _____

                                       C.D. Michel
                                     E-mail:cmichel@michellawyers.com
                                     Attorneys for Plaintiff
                                     Eugene Evan Baker

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of his peers.

Dated:  October 11, 2012       **MICHEL & ASSOCIATES, P.C.**

                                       _____

                                       C.D. Michel
                                     E-mail:cmichel@michellawyers.com
                                     Attorneys for Plaintiff
                                     Eugene Evan Baker

FIRST AMENDED COMPLAINT  [#CV 10-3996-SVW(AJWx)]

C. D. Michel - Calif. SBN 144258
Joshua R. Dale - Calif. SBN 209942
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445
cmichel@michellawyers.com
jdale@michellawyers.com

Attorneys for Plaintiff
Eugene Evan Baker

2012 OCT 11 PM 3:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___
FILED

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE EVAN BAKER, <br><br> Plaintiff, <br><br> vs. <br><br> ERIC H. HOLDER, JR., in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES; KAMALA D. HARRIS, in her capacity as ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA; THE STATE OF CALIFORNIA DEPARTMENT OF JUSTICE; and DOES 1 through 100, Inclusive, <br><br> Defendants. | CASE NO. CV 10-3996-SVW(AJWx) <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **(1) VIOLATION OF FEDERAL DUE PROCESS CLAUSE AS TO APPLICATION OF FEDERAL STATUTE TO DENY CORE RIGHT;** <br><br> **AND** <br><br> **(2) VIOLATION OF FEDERAL EQUAL PROTECTION CLAUSE;** <br><br> **DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.    This is an action for declaratory and injunctive relief in order that Plaintiff EUGENE EVAN BAKER (hereinafter "Plaintiff" or "Baker") may lawfully receive, own and possess a firearm in the exercise of his rights under the Second Amendment to the Constitution of the United States although he was convicted in the State of California of a misdemeanor crime of domestic violence ("MCDV").

2.    Plaintiff was convicted of an MCDV in 1997. In 2002, Plaintiff was

1

1 allowed to withdraw his prior guilty plea and have the conviction set aside under
2 California Penal Code section 1204.3. In 2007, the effect of the conclusion in
3 October of that year of a mandatory ten-year ban on Plaintiff's ownership and
4 possession of firearms was that Plaintiff was considered by the state from that point
5 forward to be able to receive, own and possess firearms. Plaintiff later received an
6 order from a Ventura County Superior Court adjudging all of Plaintiff's firearms
7 rights to have been restored in 2007 for purposes of state law.

8     3.     Notwithstanding the effect of the state law restoring Plaintiff's right to
9 receive, own and possess firearms, as well as an order of the state's judiciary
10 affirming the restoration of Plaintiff's right to receive, own and possess firearms,
11 the application of federal law, i.e., 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9),
12 prevents Plaintiff from receiving or possessing firearms.

13     4.     In furtherance of enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9),
14 the State of California has expressly assumed the role of a "Point of Contact" of the
15 U.S. Department of Justice for purposes of enforcing these sections against
16 California firearms' purchasers. In this role, the state defendants have denied
17 Plaintiff the opportunity to purchase firearms by these state defendants declaring
18 Plaintiff a person prohibited to receive and possess firearms under Sections
19 921(a)(33)(A)(i) & 922(g)(9), and instructing California firearms dealers to not
20 release firearms to Plaintiff.

21     5.     The effect of the application of these federal statutes by the federal and
22 state defendants to deny Plaintiff the right to keep and bear arms for self-defense
23 violates Plaintiff's Second Amendment right to self-defense.

24                    **JURISDICTION AND VENUE**

25     6.     Jurisdiction of this action is founded on 28 U.S.C. §1331 in that this
26 action arises under the Constitution and laws of the United States, and under 28
27 U.S.C. §1343(3) in that this action seeks to redress the deprivation, under color of
28 the laws, statute, ordinances, regulations, customs and usages of the United States,

2

1   the State of California, and political subdivisions thereof, of rights, privileges or

2   immunities secured by the United States Constitution and by Acts of Congress.

3         7.     Plaintiffs' claims for declaratory and injunctive relief are authorized

4   by 28 U.S.C. §§2201 & 2202. Plaintiffs' claims for a writ of mandate directed to

5   Defendants are authorized pursuant to 28 U.S.C. §1651.

6         8.     Venue in this judicial district is proper under 28 U.S.C. §1391(b)(1)-

7   (2), because Plaintiff Baker is a resident of this judicial district, all defendants have

8   offices within this judicial district, and the deprivation of rights and other conduct

9   alleged herein occurred within this judicial district.

10                             **PARTIES**

11         9.     Plaintiff Baker is a citizen of the United States and a resident of the

12   Somis, California.

13         10.     Defendant Holder is the Attorney General of the United States, and as

14   the chief law enforcement officer of the government of the United States would be

15   responsible for the prosecution of Baker pursuant to 18 U.S.C. §922(g)(9) should

16   Baker be found to have received or possess a firearm in violation of Sections

17   921(a)(33)(A)(i) & 922(g)(9). On information and belief, were Baker to exercise

18   his Second Amendment rights by receiving, owning or possessing a firearm,

19   Defendant Holder, through his agents and employees, would arrest and prosecute

20   Plaintiff. Holder is being sued in his official capacity as U.S. Attorney General.

21         11.     Defendant Kamala D. Harris is the elected Attorney General of the

22   State of California. In her role as the Attorney General, Defendant Harris is

23   responsible for interpreting, implementing and executing the policies and

24   procedures of the California Department of Justice ("Cal. DOJ") including the Cal.

25   DOJ's policies and procedures as a Point of Contact. As such, she is responsible

26   for formulating, executing and administering the laws, customs and practices that

27   Plaintiff challenges, and is in fact presently enforcing the challenged laws, customs,

28   and practices against Plaintiff. Defendant Harris is sued in her official capacity as

1 California Attorney General.

2     12.   Defendant The State of California Department of Justice is a political

3 subdivision of the State of California, and is the designated Point of Contact for

4 California Federal Firearms Licensees ("FFL") to determine whether California

5 purchasers, including Plaintiff, are prohibited persons under 18 U.S.C.

6 §§921(a)(33)(A)(i) & 922(g)(9). Cal. DOJ is obligated under Sections

7 921(a)(33)(A)(i) & 922(g)(9) and analogous California law to assess the criminal

8 backgrounds of firearms purchasers, and is the final authority as to whether

9 California FFLs can release purchased firearms to purchasers, including Plaintiff.

10 As such, Cal. DOJ is responsible for formulating, executing and administering the

11 laws, customs and practices that Plaintiff challenges, and is in fact presently

12 enforcing the challenged laws, customs, and practices against Plaintiff.

13     13.   On information and belief, Defendants DOES 1-100 are employees or

14 agents of defendants Holder, Harris, or Cal. DOJ, or of local governmental

15 agencies, who are responsible for formulating, executing and administering the

16 laws, customs and practices that Plaintiff challenges, and are in fact presently

17 enforcing the challenged laws, customs, and practices against Plaintiff. On

18 information and belief, Defendants DOES 1-100 have facilitated, participated in, or

19 otherwise furthered the denial of the receipt of, ownership of, and possession of

20 firearms by Plaintiff. Plaintiff is unaware of the identities of Defendants DOES 1-

21 100 at the time of the filing of this complaint, and shall seek leave of court to

22 substitute the true names of such defendants when their identities are ascertained.

23     **FACTS APPLICABLE TO ALL CLAIMS**

24     14.   On September 29, 1997, in the Ventura County Municipal Court,

25 Plaintiff was convicted upon his plea of *nolo contendere* of violating California

26 Penal Code §273.5(a), Infliction of Corporal Injury on Current or Former Spouse or

27 Cohabitant. Such conviction was a MCDV for purposes of 18 U.S.C.

28 §§921(a)(33)(A)(i) & 922(g)(9). On October 20, 1997, Plaintiff was sentenced to a

4

three-year probationary sentence with certain terms and conditions; among which was a condition that he "not own, possess, or have access to any firearm or dangerous weapon" for a period of ten years pursuant to former California Penal Code §12021(c)(1).

15.    Plaintiff successfully completed all of the terms of his probation, and on February 24, 2002, submitted his application for expungement and set-aside pursuant to California Penal Code §1203.4. On June 19, 2002, the Ventura County Superior Court granted the motion under Section 1203.4 and signed an Order, thereby ordering Plaintiff's 1997 conviction be set aside, the *nolo contendere* plea be withdrawn, a plea of not guilty be entered, and the original criminal complaint be deemed dismissed. The 2002 Order did not contain any language that Plaintiff was thereafter uniquely prohibited from personally shipping, transporting, possessing, or receiving firearms once the ten-year suspension of Plaintiff's firearms' ownership and possession rights pursuant to former Section 12021(c)(1) ended.

16.    The ten-year suspension of Plaintiff's firearm ownership and possession rights remained in force until it expired on October 20, 2007. From the date of his 1997 arrest to the present, including his probationary term and the entire ten-year term of former Section 12021(c)(1), Plaintiff has never been convicted of any other criminal behavior, including any crime which would disqualify Plaintiff from receiving, owning or possessing a firearm under federal or state law.

17.    In or about May 2009, Plaintiff attempted to effect a firearms purchase at Ojai Valley Surplus, a federal firearms licensee ("FFL") located in Ojai, California, Ojai Valley Surplus contacted Cal. DOJ to submit Plaintiff's purchase. On June 8, 2009, Defendant Cal. DOJ sent a letter to Ojai Valley Surplus which stated that Plaintiff "is a person not eligible to posses (sic) a firearm." Cal. DOJ further ordered Ojai Valley Surplus to not release the firearm to Plaintiff.

18.    On August 25 , 2010, in response to an inquiry from Plaintiff's

attorney, Defendant Cal. DOJ sent Plaintiff a letter explaining why Plaintiff's attempted 2009 firearms purchase had been denied. The letter stated that Cal. DOJ has "identified a record in a state or federal database which indicates that you are prohibited by state and/or federal law from purchasing or possessing firearms." The letter further states that the disqualifying record is a conviction for "Misdemeanor domestic violence convictions (273.5PC, 243(E)(1)PC Convictions over 10 years old)-Federal Brady Act, effected November 30, 1998."

19.     On information and belief, Cal. DOJ's denial of Plaintiff's 2009 firearms purchase was due to Cal. DOJ fulfilling its role as a Point of Contact, and adjudging that Plaintiff was prohibited receiving and possessing a firearm pursuant to 18 U.S.C. §922(g)(9). On information and belief, as a Point of Contact, as part of performing the above-mentioned check, Cal. DOJ submitted Plaintiff's name and other identifying information to the U.S. Department of Justice's Federal Bureau of Investigation ("FBI") to check whether Plaintiff was prohibited from receiving or possessing a firearm based on information within the National Instant Criminal Background Check System ("NICS")[1].

20.     On March 11, 2010, plaintiff appeared in the Ventura County Superior Court and moved for an order declaring that he was legally entitled under both state and federal law to purchase and own a firearm. The Hon. Judge Edward Brodie granted the order, declaring that Plaintiff "is entitled to purchase, own and possess firearms consistent with the laws of the State of California."

21.     Plaintiff desires to purchase one or more firearms for his personal protection and the protection of his family and property but does not wish to run the risk of being arrested, charged, convicted and punished pursuant to 18 U.S.C.

---

[1]     National Instant Criminal Background Check System (NICS) Operations 2011. *See* <http://www.fbi.gov/about-us/cjis/nics/reports/2011-operations-report/operations-report-2011>

6

§922(g)(9) in the attempted exercise of his Second Amendment rights.

## RELEVANT CALIFORNIA PENAL STATUTES

22.    Plaintiff was convicted of violating California Penal Code §273.5(a) on October 29, 1997.  Section 273.5(a), in relevant part, provides:

> Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000.00) or by both that fine and imprisonment.

23.    All persons convicted of violating Section 273.5(a) are subject to a statutory ten-year ban on firearm possession pursuant to Penal Code §29805 (formerly Penal Code §12021(c)(1))[2]:

> Except as provided in Section 29855 or subdivision (a) of Section 29800, any person who has been convicted of a misdemeanor violation of Section . . . 273.5, . . . and who, within 10 years of the conviction, owns, purchases, receives, or has in possession or under custody or control, any firearm is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year or in the state prison, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

24.    California Penal Code §1203.4 provides the means whereby those who have successfully completed a grant of probation after having been convicted of certain penal offenses may petition the court to grant expungement and set-aside relief.  As to the effect of a Section 1203.4 motion on a firearms prohibition, Section 1203.4 provides in relevant part:

> (a)(2)  Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2

---

[2]    Because prior to January 1, 2012, the text of Section 29805 was contained in Penal Code §12021.,  all references in Plaintiff's sentencing order are to former Section 12021.  *See* Paragraph 14, *supra*.

7

(commencing with Section 29800) of Division 9 of Title 4 of Part 6.

25.    An order granted under Section 1203.4 does not end or shorten the ten-year ban imposed under Section 29805.  But an order granted under Section 1203.4 does not increase or make permanent the Section 29805 ban.  Once the ten-year period under Section 29805 has ended, and assuming no further criminal behavior by the person during that period, by law California considers the MCDV convict to have been fully restored his or her rights under California law to receive, own or possess a firearm at the conclusion of the ten-year period.

## RELEVANT FEDERAL & STATE FIREARMS LAWS

26.    The Second Amendment to the U.S. Constitution of the United States reads: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."  The Fourteenth Amendment to the U.S. Constitution incorporates the Second Amendment to the citizens of the states.  The Fourteenth Amendment also guarantees states' citizens equal protection of the laws and that core rights of the citizens under the Constitution may not be infringed upon without, at a minimum, due process.

27.    18 U.S.C. §922(g)(9) reads: "It shall be unlawful for any person.. .who has been convicted in any court of a misdemeanor crime of domestic violence (MCDV), to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

28.    18 U.S.C. §921(a)(33)(A)(i) defines an "MCDV."  The California crime for which Plaintiff was convicted in 1997 is a disqualifying MCDV for purposes of that statute and Section 922(g)(9).

29.    The Gun Control Act and the Brady Handgun Violence Prevention Act, of which 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) are a part, are implemented and interpreted by the U.S. Department of Justice through regulations

8

published at 28 C.F.R., Part 25. The U.S. Department of Justice has adopted regulations published at 28 C.F.R. §§25.1 & 25.6 which allow state law enforcement agencies to act as a Point of Contact for querying the federal NICS database to determine whether a firearm purchaser is prohibited from receiving or possessing a firearm, in lieu of the FBI conducting such searches. California's legislature has agreed to have Cal. DOJ act as the Point of Contact for all purchases and transfer of firearms by California residents, by its adoption of California Penal Code §28220(b).

## FIRST CLAIM FOR
## VIOLATION OF FEDERAL DUE PROCESS
## CLAUSE AS TO APPLICATION OF
## FEDERAL STATUTE TO DENY CORE RIGHT
### (Against All Defendants)

30.     Plaintiff fully reincorporates Paragraphs 1-29, *supra*, as though fully alleged hereinafter.

31.     Without due process of law, Defendants, in applying and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) as to Plaintiff to proscribe him from receiving or possessing firearms, have denied Plaintiff the exercise of his right to keep and bear arms under the Second Amendment to the Constitution, a core right.

32.     On information and belief, Defendants, and each of them, have implemented and enforced 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in the manner described herein for the governmental purpose of general crimefighting

33.     The application and enforcement of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) to proscribe Plaintiff from receiving or possessing a firearm does not comport with the historical scope of the Second Amendment at the time it was enacted. Alternatively, on information and belief the application and enforcement of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) to proscribe Plaintiff from receiving or possessing a firearm does not further a compelling governmental interest,

9

insomuch as Defendants do not have a compelling interest in preventing Plaintiff, a person adjudged by California to be fit to own and possess a firearm, from receiving, owning or possessing a firearm. Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is neither narrowly tailored nor the least restrictive means for achieving the government's general crimefighting interest.

34.     Alternatively, on information and belief the application and enforcement of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) to proscribe Plaintiff from receiving or possessing a firearm is not substantially related to achieving an important governmental interest, insomuch as Defendants do not have a important interest in preventing Plaintiff, a person adjudged by California to no longer be a danger such that California deems such person fit to receive, own and possess a firearm as a matter of law, from receiving, owning or possessing a firearm.

35.     At all times, Defendants Holder, Harris and DOES 1-100 were acting pursuant to 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9). On information and belief, Defendants, and each of them, will continue to implement and enforce 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in a manner that infringes upon Plaintiff's exercise of his Second Amendment rights, absent the grant of the relief requested.

**SECOND CLAIM FOR**

**VIOLATION OF FEDERAL EQUAL**

**PROTECTION CLAUSE**

**(Against All  Defendants)**

36.     Plaintiff fully reincorporates Paragraphs 1-29, *supra*, as though fully alleged hereinafter.

37.     Plaintiff is of a class of firearms purchasers who have previously been convicted of an MCDV but have fulfilled the terms of their probation or have otherwise not been convicted of a crime for a period of ten years following their MCDV conviction.

10

38.     By Defendants, and each of them, implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in a manner to deny Plaintiff the receipt, ownership or possession of firearms despite Plaintiff having been adjudged by California to be fit to receive, own and possess a firearm, Defendants have prevented Plaintiff, and all other California citizens of Plaintiff's class, from exercising their core right to keep and bear arms for self-defense under the Second Amendment. On information and belief, all California citizens of the same class as Plaintiff, i.e., who have fulfilled the requirements of Section 29805 for the requisite ten-year period, are, like Plaintiff, prevented from receiving, owning or possessing firearms, and, like Plaintiff, are subject to arrest should they receive, own or possess a firearm. As such, on information and belief, even if Plaintiff should be granted such relief as requested herein as to himself, unless Plaintiff is granted the relief requested as to the further implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9) against all California citizens by Defendants, the constitutional violations complained of herein are capable of repetition while evading review.

39.     On information and belief, Defendants, and each of them, have implemented and enforced 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) in the manner described herein for the governmental purpose of general crimefighting. On information and belief, in no instance does Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner comport with the historical scope of the Second Amendment, in that as implemented Sections 921(a)(33)(A)(i) & 922(g)(9) unlawfully restrict the right to bear arms for self-defense as that right was understood by those who drafted and enacted both the Second and Fourteenth Amendments.

40.     Alternatively, on information and belief, in no instance does Defendants' proffered basis implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) comply with the Fourteenth Amendment to the

United States Constitution, insomuch as Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner does not further a compelling governmental interest. Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is neither narrowly tailored nor the least restrictive means for achieving the government's general crimefighting interest.

41. Alternatively, on information and belief, in no instance does Defendants' proffered basis implementing and enforcing 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9) comply with the Fourteenth Amendment to the United States Constitution, insomuch as Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner does not further an important governmental interest. Alternatively, Defendants' proffered basis for implementing and enforcing Sections 921(a)(33)(A)(i) & 922(g)(9) is not substantially related to achieving the government's general crimefighting interest, insomuch as Defendants do not have a important interest in preventing Plaintiff, a person adjudged by California to no longer be a danger such that California deems fit to receive, own and possess a firearm as a matter of law, from receiving or and possessing a firearm.

42. By reason of the Defendants' interpretation and implementation of 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9), and the resultant denial to Plaintiff of the receipt, ownership or possession of firearms for self-defense, Defendants have unlawfully interfered with Plaintiff's exercise of his core self-defense right under the Second Amendment to the United States Constitution, thereby denying Plaintiff the equal protection of the Second Amendment as is afforded to other citizens.

43. At all times, Defendants Holder, Harris and DOES 1-100 were acting pursuant to 18 U.S.C. §§921(a)(33)(A)(i) & 922(g)(9). On information and belief, Defendants, and each of them, will continue to implement and enforce Sections 921(a)(33)(A)(i) & 922(g)(9) in a manner that infringes upon Plaintiff's exercise of

his Second Amendment rights, absent the grant of the relief requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that this Court enter a judgment in his favor and against the Defendants as follows:

1.     For a declaration that Defendants' implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9), as applied to Plaintiff, is unconstitutional;

2.     That a writ of mandate be issued from this Court pursuant to 28 U.S.C. §1651 directing Defendants to cease implementation and enforcement of Sections 921(a)(33)(A)(i) & 922(g)(9) in such manner as prevents Plaintiff, and all other California citizens who have fulfilled the requirements of California Penal Code §29805 and who do not otherwise labor under any other disqualifying circumstance, from receiving, owning or possessing firearms;

3.     For a judicial declaration that since October 20, 2007, Eugene Evan Baker has been entitled to exercise his rights under the Second Amendment to the Constitution of the United States and that he is entitled under federal law to receive and possess firearms and ammunition without risk and threat of prosecution by Defendants and their representatives or agents;

3.     For an order enjoining Defendants, and their representatives and agents, from arresting and prosecuting Eugene Evan Baker for any future alleged violation of 18 U.S.C. §922(g)(9) for so long as he remains free of any disqualifying conviction or circumstance;

4.     For an order that all computers and other records relied upon by Defendants and their representatives or agents, concerning those persons allegedly prohibited from receiving, owning or possessing a firearm pursuant to 18 U.S.C. §922(g)(9), be purged of all information and content concerning the arrest, conviction and sentencing of Eugene Evan Baker, or, alternatively, for an order that all computers and other records relied upon by Defendants and their representatives or agents, concerning those persons allegedly prohibited from receiving, owning or

possessing a firearm pursuant to 18 U.S.C. §922(g)(9), include a notation that notwithstanding Plaintiff's arrest, conviction and sentencing in 1997 for an MCDV, Plaintiff is not disqualified thereby from receiving, owning or possessing a firearm;

     5.    For attorney's fees and costs of suit pursuant to 28 U.S.C. §2412; and

     6.    Any further relief as the Court deems just and proper.

Dated: October 11, 2012            **MICHEL & ASSOCIATES, P.C.**

                                   _____

                                   C.D. Michel
                                 E-mail:cmichel@michellawyers.com
                                 Attorneys for Plaintiff
                                 Eugene Evan Baker

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of his peers.

Dated: October 11, 2012            **MICHEL & ASSOCIATES, P.C.**

                                     _____

                                   C.D. Michel
                                 E-mail:cmichel@michellawyers.com
                                 Attorneys for Plaintiff
                                 Eugene Evan Baker

FIRST AMENDED COMPLAINT  [#CV 10-3996-SVW(AJWx)]

**FIRM:**

MICHEL & ASSOCIATES, P.C.
180 E. OCEAN BLVD.
SUITE 200
LONG BEACH CA 90802
PH: 562/216-4444

# Signal
ATTORNEY SERVICE
INCORPORATED

| | | | | |
|---|---|---|---|---|
| DATE 10/11/12 | SECRETARY Christina | ATTORNEY CDM | ATTORNEY FILE # | 1067391 |

Long Beach    562-595-1337
Torrance     310-316-1256
Fax          562-595-6294

## DO TODAY _____    RETURN TODAY _____
Mark X for special assignment(s). RUSH CHARGES APPLY

PLAINTIFF: Baker
VS.
DEFENDANT: Holder

COURT: USDC
JUDICIAL DIST: Central
CITY: LA     CASE #: 10-3996

APPROVED DIRECT BILLING:
CARRIER NAME:
ADDRESS:
CITY, STATE, & ZIP:

ADJUSTER:
INSURED:
CLAIM NUMBER:
DATE OF LOSS:

**LIST ALL DOCUMENTS:**    HEARING DATE _____    FEES PAID/ DATE _____    FEES ATTACHED _____

① Amended Complaint
② Amended Summons
③ Certificate of Interested Parties

**INSTRUCTIONS:**    FILE BY _____    SERVE BY _____

DEPT. ____    CLERK ____

Please file. Call if there are any issues.
Today is deadline to file.

| IMPORTANT | ✓ |
|---|---|
| FILE | X |
| SERVE | |
| DELIVER | |
| COPY | |
| OTHER | |

☐ RESIDENCE
☐ BUSINESS

MALE ___ FEMALE ___ RACE ___ AGE ___ HT ___ WT ___ HAIR ___

| OFFICE USE | |
|---|---|
| COURT | 46 |
| PROCESS | |
| DELIVERY | |
| RETURN | |
| ADV FEE | |
| ADV CHG | |
| TIME | |
| G/S | |
| | |
| | |
| **TOTAL** | **46** |

SPECIAL ASSIGNMENT #

534485

| | ORIGINAL SUBMIT | | 2nd SUBMIT |
|---|---|---|---|
| DATE 10/11/12 10/11 | RUNNER 405 218 | DATE _____ | RUNNER _____ |

OKAY ☐
BACK TO COURT ☐          REJECTED ☐

OKAY ☐
BACK TO COURT ☐          REJECTED ☐

| NO CONFORM | SHERIFF | COURTESY | DROP C/W | DROP DP | RCV C/W | RCV DP | FILE C/W | FILE DP | ATTY CK | OUR CK | CASH |
|---|---|---|---|---|---|---|---|---|---|---|---|

Mailing Address: P.O. Box 91985 • Long Beach, CA  90809-1985

**EXHIBIT B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|

| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. |
|---|---|

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER Re MOTION TO DISMISS [36]

## I.     INTRODUCTION AND FACTUAL BACKGROUND

On September 29, 1997, Plaintiff pled *nolo contendre* to, and was convicted of, a single count of violating California Penal Code Section 273.5(a), Willful Infliction of Corporal Injury on Current or Former Spouse or Cohabitant.[1]  FAC ¶ 14.  Plaintiff was sentenced to a three-year probationary sentence with certain terms and conditions, including a condition that barred him from possessing, owning, or accessing a firearm or dangerous weapon for a period of ten years.  Id.

In addition to the state-law bar on Plaintiff's ability to purchase a gun, Plaintiff's Section 273.5(a) conviction barred him from possessing or receiving a gun under federal law.  Specifically, 18 U.S.C. § 922(g)(9) makes it unlawful

---

[1] Section 273.5(a) makes it a felony to "willfully inflict[] upon a person who is his or her spouse, former spouse, cohabitant, former cohabitation, or the mother or father of his or her child, corporal injury resuling in traumatic condition," and is punishable by "imprisonmen in the state prions for two, three of four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment."  Cal. Penal Code § 273.5(a).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|
| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. | | |

for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commence.

18 U.S.C. § 922(g)(9). Under the statute, a person who has been convicted of California Penal Code Section 273.5(a) is been convicted of a "misdemeanor crime of domestic violence." <u>See</u> 18 U.S.C. § 921 (a)(33)(A) ("[T]he term 'misdemeanor crime of domestic violence' means an offense that is a misdemeanor under Federal, State, or Tribal law; and has an element, the use or attempted use of physical force . . . committed against a current of former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim."); <u>see also</u> <u>Enos v. Holder</u>, 855 F. Supp. 2d 1088, 1091 (E.D. Cal. 2012) (holding that a violation of Section 273.5(a) falls under the definition of misdemeanor crime of domestic violence).

Plaintiff completed his probation in 2002; at that time, he submitted an application to withdraw his plea and have the conviction set aside pursuant to California Penal Code § 1203.4.[2] On June 19, 2002, the Ventura County Superior Court granted his motion; however, the ten-year bar on owning a firearm remained in effect until October of 2007. FAC ¶¶ 15-16. Plaintiff has no criminal history other than his Section 273.5(a) conviction. FAC ¶ 16.

In May of 2009, Plaintiff attempted to purchase a firearm at Ojai Valley Surplus. FAC ¶17. Ojai Valley Surplus contacted the State of California's Department of Justice (Cal. DOJ) regarding Plaintiff's request; in response, Cal. DOJ sent a letter to Ojai Valley Surplus stating that Plaintiff is not a person eligible to possess a firearm," and ordered Ojai Valley Surplus that it was not to "release" the firearm to Plaintiff. <u>Id.</u>

Plaintiff then contacted Cal. DOJ directly, asking for an explanation as to why it had prevented Ojai Valley Surplus from selling him a firearm. FAC ¶18. In response, Cal. DOJ sent Plaintiff a letter explaining that it had "identified a record in a state or federal database which indicates that  you are

---

[2] Section 1203.4 permits a court to allow a defendant to withdraw a plea of *nolo contendre* after he or she has fulfilled the conditions of probation for the entire period of probation; upon doing so, the defendant is "released from all penalties and disabilities resulting from the offense of which he or she has been convicted," with certain listed exceptions. Cal. Penal Code § 1203.4(a).

:

| Initials of Preparer | PMC |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|
| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. | | |

prohibited by state and/or federal law from purchasing or possessing firearms," namely, Section 922(g)(9).  Id.

  In his FAC, Plaintiff asserts two causes of action against both the Cal. DOJ and the federal Department of Justice: first, that Section 922(g)(9), as-applied to him,[3] violates his Second Amendment rights under the Supreme Court's decision in District of Columbia v. Heller, 554, U.S. 570 (2008). Second, Plaintiff alleges that Defendants denial of his request to own a gun violates the Equal Protection Clause of the Fifth Amendment.[4]

### II. LEGAL STANDARD[5]

  A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  See Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

  [3] In his opposition to Defendants' motion to dismiss, Plaintiff clarified that he was *only* alleging an as-applied, and not facial, challenge to Section 922(g)(9).

  [4] In his original complaint, Plaintiff asserted that he was entitled to possess a gun pursuant to 18 U.S.C. § 921(a)(33)(B)(ii), which provides that a person is *not* considered to have been convicted of an offense of domestic violence for purposes of Section 922(g)(9) if the operative conviction has been "expunged or set aside."  Plaintiff argued that the Ventura County Superior Court's ruling that his conviction was to be set aside pursuant to California Penal Code § 1203.4 meant that his conviction was "expunged" within the meaning of the federal statute; however, as this Court ruled, and the Ninth Circuit affirmed, this argument is foreclosed by the Ninth Circuit's decision in Jennings v. Mukasey, 511 F.3d 894, 899 (9th Cir. 2007) ("[A]lthough Jennings obtained relief under section 1203.4 by the 1999 State court order, that relief did not expunge his conviction for purposes of 18 U.S.C. § 922(g)(9).").  The Ninth Circuit specifically remanded this case to this Court to address Plaintiff's Second Amendment argument; upon remand, Plaintiff filed his FAC in which he alleges both Second Amendment and Equal Protection claims.

  [5] At this Court's October 15, 2012 status conference, this Court ordered the parties to file simultaneous opening briefs and simultaneous responding briefs.  The Court construes Defendants' opening brief as a motion to dismiss.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|
| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. | | |

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). Accordingly, while a court is not required to accept a pleader's legal conclusions as true, the court must "draw all reasonable inferences in favor of the plaintiff, accepting the complaint's [factual] allegations as true." Knievel v. ESPN, 393 F.3d 1068, 1080 (9th Cir. 2005).

The court may grant a plaintiff leave to amend a deficient claim "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his Complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

### III.    THE SECOND AMENDMENT

#### A.    Legal Standard

The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In Heller, "the Supreme Court struck down the District of

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|
| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. | | |

Columbia's ban on handgun possession[.]" <u>United States v. Henry</u>, 688 F.3d 637, 639-40 (9th Cir. 2012). After conducting a thorough analysis of the Second Amendment's history, "the Court held 'that the Second Amendment conferred an individual right to keep and bear arms.'" <u>United States v. Vongxay</u>, 594 F.3d 1111, 1115 (9th Cir. 2010) (quoting <u>Heller</u>, 128 S.Ct. at 2799). Without articulating a level of scrutiny,[6] the Supreme Court found the two statues at issue "fail[ed] to pass constitutional muster." <u>Heller</u>, 554 U.S. at 629-630.

However, the Supreme Court noted that the Second Amendment

"leaves the District of Columbia a variety of tools for combating [the problem of handgun violence in this country], *including some measures regulating handguns.* But the enshrinement of constitutional rights necessarily takes certain policy choices off the table. These include the *absolute* prohibition of *handguns held and used for self-defense in the home.*"

<u>Vongxay</u>, 594 F.3d at 1115 (quoting <u>Heller</u>, 554 U.S. at 636). The Court expanded upon the "policy choices" that the Second Amendment left on the table, noting that

Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose . . . . Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

---

[6] The Court noted only "'[u]nder any of the standards of scrutiny that we have applied to enumerated constitutional rights," the statutes at issue failed to pass constitutional muster. <u>Heller</u> 554 U.S. at 628-629. In a footnote, the Court suggested that rational basis would *not* be the appropriate standard. <u>Id.</u> at 628 n. 27 ("Obviously, the [rational basis] test could not be used to evaluate the extent to which a legislature may regulate a specific, enumerated right, be it the freedom of speech, the guarantee against double jeopardy, the right to counsel, or the right to keep and bear arms.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|
| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. | | |

<u>Vongxay</u>, 594 F.3d at 1115 (quoting <u>Heller</u>, 554 U.S. at 626-27).  This list of "presumptively lawful regulatory measures" served only as examples; it "[did] not purport to be exhaustive."  <u>Heller</u>, 554 U.S. at 627 n. 26.

Since <u>Heller</u>, courts have addressed Second Amendment challenges to federal laws in two ways.  Both begin by assessing whether or not the law at issue is "presumptively lawful."  For some courts, this question is the beginning and end of the constitutional inquiry: if the statute is "presumptively lawful," it cannot be struck down under the Second Amendment.  <u>See, e.g.</u> <u>Vongxay</u>, 594 F.3d at 1115, 1116 (finding a federal statute making it unlawful for any person convicted of a felony to possess, transport, or receive "any firearm or ammunition" presumptively constitutional under <u>Heller</u>, and upholding the constitutionality of the statute on that basis alone); <u>United States v. White</u>, 593 F.3d 1199, 1206 (11th Cir. 2010) (concluding that Section 922(g)(9) was "presumptively lawful" under <u>Heller</u>, and upholding a conviction for violating that provision without engaging in further scrutiny).  Other courts, however, have applied a second step.  After finding that the law at issue fell within the "presumptively constitutional" category, these courts have applied an additional layer of scrutiny.  As the Seventh Circuit explained, applying such scrutiny is required by

> <u>Heller</u> itself.  <u>Heller</u> referred to felon disarmament bans only as 'presumptively lawful,' which, by implication, means that there must exist the possibility that the ban could be unconstitutional in the face of an as-applied challenge. Therefore, putting the government through its paces in proving the constitutionality of [the statute at issue] is only proper.

<u>United States v. Williams</u>, 616 F.3d 685, 692 (7th Cir. 2010).  Those courts that have found that <u>Heller</u> requires a second step have applied "what some courts have called intermediate scrutiny."  <u>Id.</u>  "To pass constitutional muster under intermediate scrutiny, the government has the burden of demonstrating that its objective is an important one and that its objective is advanced by means substantially related to that objective."  <u>Id.</u>

**B.     Analysis**

Turning to the statute at issue here—Section 922(g)(9)—this Court need not decide which of these two methodologies is correct: using *either* methodology, Plaintiff's claim must be dismissed. *Every* single court that has ruled upon the constitutionality of Section 922(g)(9) has upheld it against Second Amendment challenges.  The Tenth and Eleventh Circuits have found that the statute "presumptively constitutional," and rejected arguments that the statue should be found constitutional without further analysis.  <u>See White</u>, 593 F.3d at 1206; <u>In re U.S.</u>, 578 F.3d 1195, 1200 (10th Cir. 2009).  Similarly, the only California district court to rule on Section 922(9)'s constitutionality upheld the

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|

| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. |
|---|---|

statute as presumptively constitutional without engaging in further analysis.  See Enos v. Holder, 855 F. Supp. 2d 1088, 1099 (E.D. Cal. 2012).

The other three Court of Appeals which have ruled upon the constitutionality of Section 922(g)(9)—the First, Fourth, and Seventh circuits—have all upheld the statute, concluding that the law is "presumptively constitutional" and survives intermediate scrutiny.  See United States v. Staten, 666 F.3d 154, 168 (4th Cir. 2011) ("§ 922(g)(9) satisfies the intermediate scrutiny standard."); United States v. Booker, 644 F.3d 12, 26 (1st Cir. 2011) ("[I]t is plain that § 922(g)(9) substantially promotes an important government interest in preventing domestic gun violence."); United States v. Skoien, 614 F.3d 638, 642 (7th Cir. 2010) ("[N]o one doubts that the goal of § 922(g)(9), preventing armed mayhem, is an important governmental objective. Both logic and data establish a substantial relation between § 922(g)(9) and this objective.").

Plaintiff attempts to evade these precedents by arguing that he is different from the typical Section 922(g)(9) offender.  According to Plaintiff, he has committed no crimes other than the 1997 charge of domestic violence (either before or since), and has maintained a "peaceful and amicable relationship" with the victim of that incident.  In short, Plaintiff avers that the Second Amendment requires that Section 922(g)(9) be ruled unconstitutional as applied to him because of his law-abiding record.

However, every court to consider a similar argument has rejected it.  See In re U.S., 578 F.3d at 1200 ("We have already rejected the notion that Heller mandates an individualized inquiry concerning felons pursuant to § 922(g)(1).  Furthermore, we have rejected, albeit in a slightly different context, the idea that § 922(g)(9) allows for individual assessments of the risk of violence.") (internal citations and quotation marks omitted); Booker, 644 F.3d at 25 (holding that Section 992(g)(9) survived a Second Amendment challenge where the challenger's act of domestic violence occurred ten years before his possession of a gun, and the record contained no other incidents of illegal behavior); see also Enos, 855 F. Supp. 2d at 1099 (holding that Section 922(9)(g) withstood constitutional scrutiny as-applied to seven plaintiffs, each of whom had been convicted of a misdemeanor crime more than ten years before their attempts to purchase a gun); United States v. Smith, 742 F. Supp. 2d 855, 869 (S.D.W. Va. 2010) (upholding Section 922(g)(9) against an as-applied challenge where the defendant's domestic violence conviction occurred seven years before he was found in possession of a gun, and upholding the statute as constitutional "[e]ven assuming Defendant is permanently banned from future firearm possession").[7]  As

---

[7] In Skoein, the Seventh Circuit left open the possibility that a domestic violence misdemeanant "who has been law abiding for an extended period of time must be allowed to carry guns again[.]"

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|
| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. | | |

the Tenth Circuit concluded, "a defendant whose background includes domestic violence which advances to a criminal conviction has a demonstrated propensity for the use of physical violence against others." In re United States, 578 F.3d at 1200. Accordingly, Plaintiff's Second Amendment claim must be dismissed.

### IV.   EQUAL PROTECTION

Plaintiff further argues that Section 922(g)(9) violates his equal protection right under the Due Process clause of the Fifth Amendment by classifying him into a "class of firearms purchasers who have previously been convicted of a [misdemeanor crime of domestic violence] but have fulfilled the terms of their probation or have otherwise not been convicted of a crime for a period of ten years following their [conviction]." FAC ¶ 37.

The Ninth Circuit recently rejected a similar argument in Vongxay, 594 F.3d at 1118. There, a convicted felon argued that Section 922(g)(1)—which makes it unlawful for any person who has been "convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year"—should be subject to strict scrutiny because the "right to bear arms is a fundamental right." Id. While acknowledging that an equal protection claim can arise where a statue "unequal[ly] burden[ed] a fundamental right," the Ninth Circuit concluded that the Supreme Court "purposefully differentiated the right to bear arms generally from the more limited right held by felons." Id. As such, "whatever standard of review the Court implicitly applied to Heller's right to keep arms in his home is inapplicable to Vongxay, a felon who was explicitly excluded from Heller's holding." Id. Accordingly, because the felon in Vongxay was not protected by Heller's holding, the Ninth Circuit was "bound by pre-Heller case law involving equal protection challenges to § 922(g)[1]," which had upheld the statute against equal protection challenges. Id. at 1118-1119 (citing Lewis v. United States, 445 U.S. 55 (1980)).

---

Skoien, 614 F.3d at 645. However, Plaintiff has not identified—nor has this Court found—any case that has adopted Plaintiff's argument that the Second Amendment demands that an individual who has been convicted of a crime of domestic violence be permitted to own a gun if he or she remains law abiding for a certain period of time thereafter. Rather, courts have routinely rejected this argument. See Booker, 644 F.3d at 25; Enos, 855 F. Supp. 2d at 1099; Smith, 742 F. Supp. 2d at 869; see also In re U.S., 578 F.3d at 1200 (rejecting the "notion that Heller mandates an individualized inquiry concerning felons pursuant" to Section 922(g)(9)).

|  | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-3996-SVW-AJW | Date | July 31, 2013 |
|---|---|---|---|
| Title | Eugene Evan Baker v. Eric H. Holder, Jr., et al. | | |

Similarly, as discussed above, *every* court that has ruled upon the constitutionality of Section 922(g)(9) has found that domestic violence misdemeants are *not* protected by the Second Amendment's to bear arms.  Accordingly, this Court is bound by the pre-<u>Heller</u> equal protection case law as to Section 922(g)(9)'s constitutionality, at least as applied to Plaintiff.  In <u>U.S. v. Hancock</u>, the Ninth Circuit upheld Section 922(g)(9) against an equal protection challenge, concluding that the statute survived rational basis review.  231 F.3d 557, 565-566 (2000).  Like the felon in <u>Vongxay</u>, because Plaintiff is "explicitly excluded from <u>Heller</u>'s holding," this Court is bound by <u>Hancock</u>'s holding.

### V.      CONCLUSION

For the reasons put forward in this Order, Plaintiff's FAC is DISMISSED WITH PREJUDICE.

:

Initials of Preparer                          PMC

**EXHIBIT C**

VENTURA
SUPERIOR COURT
FILED

·· MAR 1 0 2010

r

MICHAEL D. PLANET
Executive Officer and Clerk
BY _____ Deputy

1  LAW OFFICES OF FRANKLIN S. ADLER
   State Bar Number: 056417
2  424 South Beverly Drive
   Beverly Hills, California 90212
3  (310) 553-8533

4  Attorney for Defendant
   EUGENE EVAN BAKER

5

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF VENTURA**

10

11  THE PEOPLE OF THE STATE OF          Case No: **97C008304**
    CALIFORNIA,
12                                      **ORDER RESTORING SECOND**
                            Plaintiff,  **AMENDMENT RIGHTS TO EUGENE**
13                                      **EVAN BAKER**
          vs.
14
    EUGENE EVAN BAKER,
15  (Originally filed as
    EUGENE RYAN BAKER)
16                          Defendant.

17

18      This matter came on regularly for hearing on *3-11-10*,

19  pursuant to a notice of motion filed herein by defendant.  Counsel

20  for the defendant and for the People both appeared.  Counsel for

21  the defendant moved in open court for an Order restoring the

22  Second Amendment right to bear arms to defendant.

23      The Court, having read the moving papers submitted in this

24  matter and having heard the arguments of counsel on the motion,

25  and being advised in the premises;

26  / / /

27  / / /

28  / / /

---

ORDER RESTORING 2nd AMEND. RIGHTS TO EUGENE EVAN BAKER

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** that Mr.

EUGENE EVAN BAKER's ~~is entitled to purchase, own and~~ is entitled to purchase, own and

possess firearms consistent with the laws of the State of

California.

A copy of this Order shall have the same force and effect as

the original.

Dated: *MARCH 11, 2010*

_____
JUDGE OF THE SUPERIOR COURT

(Seal)

hereby certify that the annexed instrument
is a true and correct copy of the original on file
in my office. MICHAEL D. PLANET,
Executive Officer and Clerk

Dated 3-11-10

By _____
    Deputy Clerk