No. 13-56454

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EUGENE EVAN BAKER,

Plaintiff-Appellant,

v.

LORETTA E. LYNCH, et al.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BRIEF FOR FEDERAL APPELLEES

BENJAMIN C. MIZER
*Principal Deputy Assistant*
*Attorney General*

EILEEN M. DECKER
*United States Attorney*

MICHAEL S. RAAB
PATRICK G. NEMEROFF
*(202) 305-8727*
*Attorneys, Appellate Staff*
*Civil Division, Room 7217*
*Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington D.C. 20530*

# TABLE OF CONTENTS

**Page:**

STATEMENT OF JURISDICTION ...................................................................1

STATEMENT OF THE ISSUE...........................................................................1

PERTINENT STATUTORY PROVISIONS.......................................................2

STATEMENT....................................................................................................2

    A.    Regulatory Background.............................................................2

    B.    Facts and Prior Proceedings.....................................................6

SUMMARY OF ARGUMENT.........................................................................10

STANDARD OF REVIEW ..............................................................................11

ARGUMENT ...................................................................................................11

    I.    Plaintiff's Constitutional Challenge to Section 922(g)(9) Lacks Merit ..............................................................................11

    II.    Plaintiff Has Not Identified Any Procedural Error by the District Court..............................................................................18

CONCLUSION ................................................................................................20

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**                                                                    **Page(s):**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................ 16, 17

*Baker v. Holder,*
   475 F. App'x 156 (9th Cir. 2012) ..................................................................7

*Barrett v. United States,*
   423 U.S. 212 (1976) ........................................................................................3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 554 (2007) ......................................................................................16

*Bias v. Moynihan,*
   508 F.3d 1212 (9th Cir. 2007) ......................................................................19

*District of Columbia v. Heller,*
   554 U.S. 570 (2008) ............................................................................7, 11, 12

*Enos v. Holder,*
   855 F. Supp. 2d 1088 (E.D. Cal. 2012), *aff'd,*
     585 F. App'x 447 (9th Cir. 2014), *cert. denied sub nom.*
     *Enos v. Lynch,* 135 S. Ct. 2919 (2015) ....................................9, 10, 13, 14, 16

*Hinton v. Pacific Enters.,*
   5 F.3d 391 (9th Cir. 1993) .............................................................................19

*In re David S.,*
   133 Cal. App. 4th 1160 (Cal. Ct. App. 2005) ................................................5

*In re United States,*
   578 F.3d 1195 (10th Cir. 2009) ..........................................................8, 14, 15

*Jennings v. Mukasey,*
   511 F.3d 894 (9th Cir. 2007) ........................................................................5, 6

*McDonald v. City of Chicago,*
   561 U.S. 742 (2010) ......................................................................................12

*Nordyke v. King,*
  644 F.3d 776 (9th Cir. 2011), *aff'd in relevant part,*
  681 F.3d 1041 (9th Cir. 2012) ...................................................17

*NRA v. ATF,*
  700 F.3d 185 (5th Cir. 2012)....................................................17

*Omar v. Sea-Land Serv., Inc.,*
  813 F.2d 986 (9th Cir. 1987)....................................................19

*People v. Frawley,*
  98 Cal. Rptr. 2d 555 (Cal. Ct. App. 2000) ...............................6

*Skilstaf, Inc. v. CVS Caremark Corp.,*
  669 F.3d 1005 (9th Cir. 2012) ................................................11

*United States v. Booker,*
  644 F.3d 12 (1st Cir. 2011) ........................................8, 14, 15

*United States v. Chovan,*
  735 F.3d 1127 (9th Cir. 2013), *cert. denied,*
    135 S. Ct. 187 (2014) ........................9, 10, 12, 13, 16, 17

*United States v. Hayden,*
  255 F.3d 768 (9th Cir. 2001)......................................................6

*United States v. Hayes,*
  555 U.S. 415 (2009)....................................................................4

*United States v. Skoien,*
  614 F.3d 638 (7th Cir. 2010)..............................8, 9, 14, 15

*United States v. Staten,*
  666 F.3d 154 (4th Cir. 2011) ..............................................8, 14

*United States v. Vongxay,*
  594 F.3d 1111 (9th Cir. 2010) ...................................................9

*United States v. White,*
  593 F.3d 1199 (11th Cir. 2010) ...............................8, 14, 15

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009) ................................................................18


**Statutes:**

Gun Control Act of 1968,
Pub. L. No. 90-618, 82 Stat. 1213 ....................................................3

Omnibus Consolidated Appropriations Act of 1997,
Pub. L. No. 104-208, 110 Stat. 3009 (1996) ....................................3

Omnibus Crime Control and Safe Streets Act of 1968,
Pub. L. No. 90-351, tit. IV, 82 Stat. 197, 225 ................................2

18 U.S.C. § 921(a)(20) ....................................................................4

18 U.S.C. § 921(a)(33)(A) ................................................................4

18 U.S.C. § 921(a)(33)(B)(i) ............................................................5

18 U.S.C. § 921(a)(33)(B)(ii) ..........................................................5

18 U.S.C. § 922(g) ..........................................................................3

18 U.S.C. § 922(g)(9) .................................................... 1, 2, 3, 4, 6, 10

28 U.S.C. § 1291 ............................................................................1

28 U.S.C. § 1331 ............................................................................1

28 U.S.C. § 1343(a)(3) ....................................................................1

Cal. Penal Code § 273.5(a) ............................................................6

Cal. Penal Code § 1203.4 ........................................................5, 6, 15

Cal. Penal Code § 1203.4(a)(2) ......................................................6

Cal. Penal Code § 29805 ................................................................5

**Rules:**

Fed. R. App. P. 4(a)(1)(B) ...................................................................1

Fed. R. Civ. P. 12(b)(1) ......................................................................7

Fed. R. Civ. P. 12(b)(6) ......................................................................7

C.D. Cal. L. R. 6-1 ...........................................................................19

C.D. Cal. L. R. 7-4 ...........................................................................19

**Legislative Materials:**

114 Cong. Rec. 13,219 (1968) ..............................................................3

142 Cong. Rec. 22,985 (1996) ..............................................................4

S. Rep. No. 88-1340 (1964) .............................................................2, 3

S. Rep. No. 89-1866 (1966) ..................................................................3

S. Rep. No. 90-1097 (1968) ..................................................................3

No. 13-56454

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EUGENE EVAN BAKER,

Plaintiff-Appellant,

v.

LORETTA E. LYNCH, et al.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BRIEF FOR FEDERAL APPELLEES

## STATEMENT OF JURISDICTION

Plaintiff invoked the district court's jurisdiction under 28 U.S.C. § 1331 and

28 U.S.C. § 1343(a)(3). The district court dismissed plaintiff's claims on July 31, 2013.

1 ER 1-9. Plaintiff filed a timely notice of appeal on August 20, 2013. 2 ER 10-12, *see*

Fed. R. App. P. 4(a)(1)(B). This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Federal law restricts the possession of firearms by a person "who has been

convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C.

§ 922(g)(9).  The issue presented is whether the district court correctly dismissed plaintiff's constitutional challenge to section 922(g)(9) for failure to state a claim.

## PERTINENT STATUTORY PROVISIONS

Pertinent statutory provisions are reproduced in the addendum to this brief.

## STATEMENT

## A.  Regulatory Background

1.  Following a multi-year inquiry into violent crime that included "field investigation and public hearings," S. Rep. No. 88-1340, at 1 (1964), Congress found "that the ease with which" handguns could be acquired by "criminals . . . and others whose possession of such weapons is similarly contrary to the public interest[,] is a significant factor in the prevalence of lawlessness and violent crime in the United States," Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, tit. IV, § 901(a)(2), 82 Stat. 197, 225.  Congress found "that there is a widespread traffic in firearms moving in or otherwise affecting interstate or foreign commerce, and that the existing Federal controls over such traffic do not adequately enable the States to control this traffic within their own borders through the exercise of their police power."  *Id.* § 901(a)(1), 82 Stat. at 225.  Congress determined "that only through adequate Federal control over interstate and foreign commerce in these weapons . . . can this grave problem be properly dealt with, and effective State and local regulation of this traffic be made possible."  *Id.* § 901(a)(3), 82 Stat. at 225.

Congress's investigations revealed "a serious problem of firearms misuse in the United States," S. Rep. No. 89-1866, at 53 (1966), and a "relationship between the apparent easy availability of firearms and criminal behavior," *id.* at 3. Law enforcement officials testified to the "tragic results" of firearm misuse by persons with prior criminal convictions. S. Rep. No. 88-1340, at 12, 18. Statistical evidence showed "the terrible abuse and slaughter caused by virtually unrestricted access to firearms by all individuals, regardless of their backgrounds." 114 Cong. Rec. 13,219 (1968) (statement of Sen. Tydings).

Congress accordingly aimed to "regulate more effectively interstate commerce in firearms so as to reduce the likelihood that they fall into the hands of the lawless or those who might misuse them." S. Rep. No. 89-1866, at 1. Congress thus included in both the Omnibus Crime Control Act and the Gun Control Act of 1968, Pub. L. No. 90-618, § 101, 82 Stat. 1213, statutory provisions limiting firearm access by persons with "criminal background[s]," S. Rep. No. 90-1097, at 28 (1968), and other "categories of potentially irresponsible persons," *Barrett v. United States*, 423 U.S. 212, 220 (1976). These restrictions are codified at 18 U.S.C. § 922(g). The restriction on firearm possession by persons who have been "convicted in any court of a misdemeanor crime of domestic violence," 18 U.S.C. § 922(g)(9), was added to the statute as part of the Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208, § 658, 110 Stat. 3009, 3009-371 (1996).

"Existing felon-in-possession laws, Congress recognized, were not keeping firearms out of the hands of domestic abusers, because 'many people who engage in serious spousal or child abuse ultimately are not charged with or convicted of felonies.'" *United States v. Hayes*, 555 U.S. 415, 426 (2009) (quoting 142 Cong. Rec. 22,985 (1996) (statement of Sen. Lautenberg)). "By extending the federal firearm prohibition to persons convicted of 'misdemeanor crime[s] of domestic violence,' proponents of § 922(g)(9) sought to 'close this dangerous loophole.'" *Id.* (quoting 142 Cong. Rec. 22,985-86 (statement of Sen. Lautenberg)) (alterations in original). Congress recognized that "[f]irearms and domestic strife are a potentially deadly combination nationwide." *Id.* at 427.

To that end, Congress restricted firearm possession by a person "who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). "[A] 'misdemeanor crime of domestic violence' must have, 'as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon'" and "it must be 'committed by' a person who has a specified domestic relationship with the victim." *Hayes*, 555 U.S. at 421 (quoting 18 U.S.C. § 921(a)(33)(A)).

In prohibiting those convicted of a misdemeanor crime of domestic violence from possessing firearms, Congress enacted a "restoration of rights" provision similar to that applicable to felony convictions. *Compare* 18 U.S.C. § 921(a)(20) (felonies), *with*

4

*id.* § 921(a)(33)(B)(ii) (misdemeanor crime of domestic violence). A person is thus not considered to have been convicted of a misdemeanor crime of domestic violence "if the conviction has been expunged or set aside," or if the misdemeanor crime of violence is "an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* § 921(a)(33)(B)(ii). Congress also provided that a conviction for a crime of domestic violence does not qualify if the defendant pled guilty but did not "knowingly and intelligently waive[] the right to have the case tried by a jury." *Id.* § 921(a)(33)(B)(i).

2. California law provides that persons convicted of certain misdemeanor violations, including misdemeanor battery, may not purchase or possess firearms "within 10 years of the conviction." Cal. Penal Code § 29805. In 1993, the California legislature extended these restrictions to persons convicted of corporal injury to a spouse or cohabitant. *In re David S.*, 133 Cal. App. 4th 1160, 1166-67 (Cal. Ct. App. 2005).

California Penal Code § 1203.4 establishes procedures for ex-offenders to obtain relief from "penalties and disabilities resulting from the offense." *Jennings v. Mukasey*, 511 F.3d 894, 898 (9th Cir. 2007) (quotation marks omitted). "The

5

limitations on this relief are numerous and substantial," *id.*, however, and include the reservation that "[d]ismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm," Cal. Penal Code § 1203.4(a)(2); *see also United States v. Hayden*, 255 F.3d 768, 772 (9th Cir. 2001). Thus, "Section 1203.4 does not, properly speaking, 'expunge' the prior conviction." *Jennings*, 511 F.3d at 898 (quotation marks omitted) (quoting *People v. Frawley*, 98 Cal. Rptr. 2d 555, 559-60 (Cal. Ct. App. 2000)). A person "remain[s] convicted for [Gun Control Act] purposes" despite "receiv[ing] relief under section 1203.4." *Id.* at 899.

## B. Facts and Prior Proceedings

1. Plaintiff Eugene Baker was convicted in 1997 of inflicting corporal injury to a spouse or cohabitant, and was sentenced to three years of probation. 2 ER 73-74; Cal. Penal Code § 273.5(a). Because of his conviction, plaintiff is prohibited from possessing firearms by 18 U.S.C. § 922(g)(9). Plaintiff states that he obtained relief from his conviction under California Penal Code § 1203.4. 2 ER 74. That relief, however, did not restore his right to possess firearms for purposes of federal law. *See Jennings*, 511 F.3d at 898.

Plaintiff filed a complaint in the Central District of California seeking declaratory and injunctive relief, including a declaration that he was not subject to 18 U.S.C. § 922(g)(9) because of a state court order purporting to set aside his prior

conviction. 2 ER 99-100. The district court dismissed the complaint without prejudice under Federal Rule of Civil Procedure 12(b)(1), because plaintiff's complaint failed to state facts sufficient to satisfy standing. The court also dismissed the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, concluding that plaintiff's claims were precluded by this Court's decision in *Jennings*. 2 ER 88-94.

On appeal, this Court affirmed the district court in part and reversed in part. *See Baker v. Holder*, 475 F. App'x 156 (9th Cir. 2012) (unpublished). This Court agreed with the district court that plaintiff had failed to allege facts sufficient to establish standing, but the Court held that plaintiff could amend his complaint to satisfy Article III requirements. *See id.* at 157. The Court also agreed that "*Jennings v. Mukasey*, 511 F.3d 894, 898-99 (9th Cir. 2007), forecloses [plaintiff's] statutory argument that his state court order purporting to 'set aside' his misdemeanor domestic violence conviction renders § 922(g)(9) inapplicable." *Id.* But the Court remanded the case to the district court to consider plaintiff's constitutional claims in light of the Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008). *See Baker*, 475 F. App'x at 157-58.

2. Following remand, plaintiff filed an amended complaint. 2 ER 70-83. The district court held a status conference, during which the court acknowledged plaintiff's remaining constitutional claims and explained that "it seems that the way to

7

get this before [the] court is by briefing it, correct?" 2 ER 63. Plaintiff's counsel responded, "That's correct." *Id.* The court proposed that the parties file simultaneous opening briefs and then simultaneous opposing briefs, and neither party objected. 2 ER 63-68.

In their opening briefs, the government argued that plaintiff's constitutional claims should be dismissed for failure to state a claim, *see* Def. Opening Br. (Dkt. No. 36); 2 ER 42, and plaintiff argued that he should prevail on the merits of his claim, *see* Pl. Opening Br. (Dkt. No. 38). Plaintiff did not request discovery. *Id.* In his opposing brief, plaintiff again addressed the merits of his claim. Pl. Reply 1-13 (Dkt. No. 41); 2 ER 32-35. He also objected that the government violated local rules by not providing him adequate notice of its motion to dismiss, but he again did not request an opportunity for discovery or identify any undeveloped facts that might be relevant to his claim. Pl. Reply 13-15 (Dkt. No. 41); 2 ER 31 n.1, 33-35.

Following briefing, the district court dismissed plaintiff's challenge for failure to state a claim. 1 ER 1-9. The court noted that "[e]very single court that has ruled upon the constitutionality of Section 922(g)(9) has upheld it against Second Amendment challenges." 1 ER 6-7 (emphasis omitted) (citing *United States v. White*, 593 F.3d 1199, 1206 (11th Cir. 2010); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009); *United States v. Staten*, 666 F.3d 154, 168 (4th Cir. 2011); *United States v. Booker*, 644 F.3d 12, 26 (1st Cir. 2011); *United States v. Skoien*, 614 F.3d 638, 642 (7th Cir.

2010) (en banc)).  The court further relied on the district court opinion in *Enos v. Holder*, 855 F. Supp. 2d 1088, 1090-91 (E.D. Cal. 2012), which rejected another as-applied challenge to section 922(g)(9) and was later affirmed by this Court in *Enos v. Holder*, 585 F. App'x 447 (9th Cir. 2014) (unpublished), *cert. denied sub nom. Enos v. Lynch*, 135 S. Ct. 2919 (2015).

The court acknowledged plaintiff's argument that "he is different from the typical Section 922(g)(9) offender," because "he has committed no crimes other than the 1997 charge of domestic violence (either before or since), and has maintained a 'peaceful and amicable relationship' with the victim of that incident."  1 ER 7.  But the court observed that "every court to consider a similar argument has rejected it." *Id.*  "Plaintiff has not identified—nor has this Court found—any case that has adopted Plaintiff's argument that the Second Amendment demands that an individual who has been convicted of a crime of domestic violence be permitted to own a gun if he or she remains law abiding for a certain period of time thereafter."  1 ER 8 n.7. The court therefore concluded that "Plaintiff's Second Amendment claim must be dismissed."  1 ER 8.   Because plaintiff had not identified any impermissible burden on his Second Amendment right, the court also dismissed plaintiff's equal protection claim.  *Id.* (citing *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010)).

Plaintiff appealed, and this Court granted his unopposed requests to stay appellate proceedings pending this Court's resolution of *United States v. Chovan*, 735

F.3d 1127 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 187 (2014), and *Enos*, 585 F. App'x

447. After this Court issued its decisions in *Chovan* and *Enos* rejecting constitutional

challenges to section 922(g)(9), plaintiff filed a motion for summary reversal so that

the district court could reconsider his challenge. Plaintiff's motion was denied.

## SUMMARY OF ARGUMENT

Congress has restricted the possession of firearms by persons convicted of a

misdemeanor crime of domestic violence. 18 U.S.C. § 922(g)(9). Plaintiff is subject to

that restriction because he was convicted in California of inflicting corporal injury to a

spouse or cohabitant.

Plaintiff's constitutional challenge to section 922(g)(9) is foreclosed by this

Court's precedent. In *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013), *cert. denied*,

135 S. Ct. 187 (2014), this Court rejected an as-applied challenge to section 922(g)(9).

The Court concluded that "Congress permissibly created a broad statute that only

excepts those individuals with expunged, pardoned, or set aside convictions and those

individuals who have had their civil rights restored." *Id.* at 1142. Applying that

holding, this Court again (in an unpublished decision) rejected an-applied challenge to

section 922(g)(9) brought by several plaintiffs in *Enos v. Holder*, 585 F. App'x 447 (9th

Cir. 2014) (unpublished), *cert. denied sub nom. Enos v. Lynch*, 135 S. Ct. 2919 (2015).

Those decisions do not allow for the possibility of a successful as-applied challenge to

section 922(g)(9), like the one plaintiff attempts to bring here. In any event, plaintiff

has not identified a single fact that meaningfully distinguishes his claim from those rejected in *Chovan* and *Enos*, and the district court was correct to dismiss his challenge for failure to state a claim.

Plaintiff also is unable to identify any procedural error committed by the district court. Upon remand, plaintiff had an opportunity to amend his complaint, to appear before the district court for a status conference, and to file an opening and response brief on the merits of his claim. He was entitled to no more.

## STANDARD OF REVIEW

This Court "review[s] de novo the district court's grant of a motion to dismiss[,] . . . accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

## ARGUMENT

### I.  Plaintiff's Constitutional Challenge to Section 922(g)(9) Lacks Merit.

1.  The Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), made clear that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." The Court provided a non-"exhaustive" list of "presumptively lawful regulatory measures," including "longstanding prohibitions on the possession of firearms by felons." *Id.* at 626, 627 n.26. The Court explained that "nothing in [its] opinion should be taken to cast doubt on" such measures, *id.* at 626, and "repeat[ed]

11

those assurances" in *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion). The Court thus restricted its holding to "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635.

Applying *Heller*, this Court upheld section 922(g)(9) as constitutional in *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 187 (2014). Recognizing that "[s]ection 922(g)(9) does not implicate th[e] core Second Amendment right because it regulates firearm possession for individuals with criminal convictions," the Court evaluated the plaintiff's challenge using intermediate scrutiny. *Id.* at 1138. Section 922(g)(9) satisfies that standard, because it "is supported by an important government interest and substantially related to that interest." *Id.* at 1141. The Court observed that "[it] is self-evident that the government interest of preventing domestic gun violence is important." And it concluded that "[k]eeping guns from domestic violence misdemeanants is substantially related to the broader interest of preventing domestic gun violence." *Id.* at 1139-40. "Congress enacted § 922(g)(9) because it sought to reach the people who had demonstrated violence, but were not kept from possessing firearms by § 922(g)(1) because domestic abusers are not often convicted of felonies." *Id.* at 1140. Moreover, statistical evidence demonstrates "a high rate of domestic violence recidivism exists," and that "domestic

abusers use guns." *Id.* Finally, "the use of guns by domestic abusers is more likely to result in the victim's death." *Id.*

This Court did not suggest in *Chovan* that section 922(g)(9) nonetheless may be subject to a successful as-applied challenge, like the one plaintiff attempts to bring here. Rather, the Court rejected the plaintiff's argument "that § 922(g)(9) is unconstitutional as applied to him because his 1996 domestic violence conviction occurred fifteen years before his § 922(g)(9) conviction, he is unlikely to recidivate, and he has in fact been law-abiding for those fifteen years." *Chovan*, 735 F.3d at 1141. The Court explained that even "assum[ing] that Chovan has had no history of domestic violence since 1996, Chovan has not presented evidence to directly contradict the government's evidence that the rate of domestic violence recidivism is high. Nor has he directly proved that if a domestic abuser has not committed domestic violence for fifteen years, that abuser is highly unlikely to do so again." *Id.* at 1142. The Court noted "that if Chovan's as-applied challenge succeeds, a significant exception to § 922(g)(9) would emerge." *Id.* The Court declined to create such an exception, instead concluding that "Congress permissibly created a broad statute that only excepts those individuals with expunged, pardoned, or set aside convictions and those individuals who have had their civil rights restored." *Id.*

This Court again rejected an as-applied challenge to section 922(g)(9) brought by several plaintiffs in *Enos v. Holder*, 585 F. App'x 447 (9th Cir. 2014) (unpublished), *cert.*

*denied sub nom. Enos v. Lynch*, 135 S. Ct. 2919 (2015).  The plaintiffs in that case had

each been "convicted in California of a misdemeanor crime of domestic violence over

ten years ago," and had "later petitioned for and received record clearance under

California Penal Code § 1203.4."  *Enos v. Holder*, 855 F. Supp. 2d 1088, 1090-91 (E.D.

Cal. 2012).  Relying on *Chovan*, this Court concluded that "there is no evidence in this

record demonstrating the statute is unconstitutional as applied to the Appellants."

*Enos*, 585 F. App'x at 447-48.

This Court's holdings in *Chovan* and *Enos* are consistent with the holdings of

every other court of appeal to consider the question, all of which have rejected

challenges to section 922(g)(9).  *See United States v. Staten*, 666 F.3d 154, 167 (4th Cir.

2011); *United States v. Booker*, 644 F.3d 12, 25-26 (1st Cir. 2011); *United States v. Skoien*,

614 F.3d 638, 642 (7th Cir. 2010) (en banc); *United States v. White*, 593 F.3d 1199,

1205-06 (11th Cir. 2010); *In re United States*, 578 F.3d 1195, 1200 (10th Cir. 2009).

Like this Court, other courts of appeals have not suggested that section 922(g)(9)

may be subject to a successful individualized as-applied challenge.  The Fourth

Circuit, for example, "recognize[d] that the net cast by § 922(g)(9) may be somewhat

over-inclusive given that every domestic violence misdemeanant would not necessarily

misuse a firearm," but explained that "this observation merely suggests that the fit is

not perfect" and "[i]ntermediate scrutiny does not require a perfect fit; rather only a

reasonable one."  *Staten*, 666 F.3d at 167.  Similarly, the First Circuit explained that

"the Second Amendment permits categorical regulation of gun possession by classes of persons . . . rather than requiring that restrictions on the right be imposed only on an individualized, case-by-case basis." *Booker*, 644 F.3d at 23 (citation omitted); *see Skoien*, 614 F.3d at 641 (concluding that "categorical disqualifications are permissible: Congress is not limited to case-by-case exclusions of persons who have been shown to be untrustworthy with weapons, nor need these limits be established by evidence presented in court"); *White*, 593 F.3d at 1206 (holding "that *Heller* does not cast doubt on the constitutionality of § 922(g)(9)"); *In re United States*, 578 F.3d at 1200 (explaining that "[w]e have already rejected the notion that *Heller* mandates an individualized inquiry concerning felons pursuant to § 922(g)(1)," and extending that holding to section 922(g)(9)).

2. Even if this Court had left open the possibility that some future individual might bring a successful as-applied challenge to section 922(g)(9), plaintiff has not asserted such a challenge here. Rather, plaintiff's claim is not meaningfully distinguishable from the as-applied challenges rejected in *Chovan* and *Enos*. Plaintiff asserts that he was convicted in 1997 of inflicting corporal injury to a spouse or cohabitant, that he obtained relief from his conviction under California Penal Code § 1203.4, and that he "has never been convicted of any other criminal behavior." 2 ER 73-74. Those alleged facts, which the district court accepted as true for purposes of the government's motion to dismiss, were equally present in *Chovan* and

*Enos.  See Chovan*, 735 F.3d at 1142 (holding that the plaintiff's challenge fails, even "assum[ing] that Chovan has had no history of domestic violence since 1996"); *Enos*, 855 F. Supp. 2d at 1090-91 (rejecting challenge brought by plaintiffs "convicted in California of a misdemeanor crime of domestic violence over ten years ago," who had "later petitioned for and received record clearance under California Penal Code § 1203.4"), *affirmed by Enos*, 585 F. App'x at 447-48.

Plaintiff does not identify any fact that distinguishes his challenge from those rejected in *Chovan* and *Enos*.  He argues that the district court improperly denied him an "opportunity to present the evidence necessary to support his claim."  Appellant's Br. 16.  He claims that, "[i]f given the chance, [he] could present evidence that, as applied to him, section 922(g)(9) is not sufficiently related to the government's interest in combatting domestic violence."  *Id.*  But plaintiff's conclusory assertion that there might be additional facts, without any indication of what those facts might be, is insufficient to state a valid claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 557 (2007)).

Plaintiff also notes that in *Chovan*, this Court observed that the plaintiff "ha[d] not presented evidence to directly contradict the government's evidence that the rate of domestic violence recidivism is high."  *Chovan*, 735 F.3d at 1142.  Plaintiff similarly

16

has not presented such evidence, and he cannot state a claim merely by suggesting that such evidence might exist. In dismissing plaintiff's challenge for failure to state a claim, the district court was entitled to rely on the facts (or absence of facts) alleged in plaintiff's complaint. *See Iqbal*, 556 U.S. at 678-79.

3. Plaintiff's equal protection claim is similarly precluded by this Court's precedent. As plaintiff appears to acknowledge (Appellant's Br. 18 n.5), this Court rejected an equal protection challenge to section 922(g)(9) in *Chovan*, 735 F.3d at 1132-33. Plaintiff does not explain why his claim should be subject to different treatment. Plaintiff's invocation of the Equal Protection Clause adds nothing to his claim, and his equal protection challenge fails for the same reasons as his Second Amendment challenge. *See Nordyke v. King*, 644 F.3d 776, 794 (9th Cir. 2011) (explaining that "although the right to keep and to bear arms for self-defense is a fundamental right, that right is more appropriately analyzed under the Second Amendment" (citation omitted)), *aff'd in relevant part*, 681 F.3d 1041, 1043 n.2 (9th Cir. 2012) (en banc)) ("As to the Nordykes' equal protection claim, because the ordinance does not classify shows or events on the basis of a suspect class, and because we hold that the ordinance does not violate either the First or Second Amendments, rational basis scrutiny applies."); *see also, e.g., NRA v. ATF*, 700 F.3d 185, 211-12 (5th Cir. 2012) (rejecting equal protection claim because "the challenged laws do not impermissibly interfere with Second Amendment rights").

## II. Plaintiff Has Not Identified Any Procedural Error by the District Court.

Plaintiff's argument that the district court erred procedurally also lacks merit. Following remand, the district court allowed plaintiff to amend his complaint and held a status conference to determine next steps. When the court suggested that the parties file simultaneous opening and responsive briefs on plaintiff's remaining constitutional challenges, plaintiff did not object. 2 ER 63. Plaintiff subsequently argued in his briefs that he should prevail on the merits of his claim. *See* Pl. Opening Br. (Dkt. No. 38); Pl. Reply 1-13 (Dkt. No. 41). Plaintiff never requested discovery and still has not explained what additional factual development might have been relevant to his claim. Even if plaintiff had requested discovery, he would not be entitled to it if, as the district court correctly held, his complaint failed to state a claim on which relief could be granted.

Although plaintiff contends that the district court should have allowed him to amend his complaint a second time (Appellant's Br. 18-22), he does not identify any additional facts he would have alleged in a second amendment complaint, let alone one that would have altered analysis of his challenge. Moreover, plaintiff already had an opportunity to amend his complaint on remand from the Ninth Circuit. The district court therefore did not abuse its discretion in dismissing plaintiff's complaint with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (holding that "the district court did not err when it dismissed the [second

amended complaint] with prejudice, since it was clear that the plaintiffs had made their best case and had been found wanting").

Plaintiff argues that the district court erred by treating the government's opening brief on remand as a motion to dismiss, Appellant's Br. 18, but he concedes that the district court was entitled to dismiss his claims even absent a formal motion, *see id.* at 19 (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)). Plaintiff had an opportunity to amend his complaint, to appear before the district court for a status conference, and to file an opening and response brief on the merits of his claim. He was entitled to no more.[1]

---

[1] To the extent that plaintiff claims the district court failed to comply with local rules (Appellant's Br. 7), he is mistaken. The district court is entitled to "[b]road deference" in its "interpretation of its local rules," and "[a] district court's compliance with local rules is reviewed for 'an abuse of discretion.'" *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting *Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993)). Plaintiff does not identify any such abuse of discretion. While plaintiff claims that the government failed to comply with Central District of California Local Rule 6-1, that rule applies "[u]nless otherwise provided by rule or order of the Court." Here, the district court ordered briefing on the merits of plaintiff's claim on remand, and plaintiff did not object. Similarly, plaintiff cites Local Rule 7-4, but that rule merely identifies circumstances under which the district court "*may* decline to consider a motion." C.D. Cal. L. R. 7-4 (emphasis added).

# CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BENJAMIN C. MIZER
*Principal Deputy Assistant*
  *Attorney General*

EILEEN M. DECKER
*United States Attorney*

MICHAEL S. RAAB
PATRICK G. NEMEROFF
*(202) 305-8727*
*Attorneys, Appellate Staff*
*Civil Division, Room 7217*
*Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington D.C. 20530*

APRIL 2016

## STATEMENT OF RELATED CASES

Counsel for the United States are aware of no related cases in this Court as defined in Circuit Rule 28-2.6.


/s/ Patrick G. Nemeroff
PATRICK G. NEMEROFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7), I hereby certify that the foregoing Brief for Appellees contains 4,572 words, according to the count of this office's word processing system.


/s/ Patrick G. Nemeroff
PATRICK G. NEMEROFF

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Brief for Appellees with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system on April 15, 2016. Participants in the case are registered CM/ECF users and service will be accomplished through that system.


/s/ Patrick G. Nemeroff
PATRICK G. NEMEROFF

# ADDENDUM

# TABLE OF CONTENTS

**Page**

18 U.S.C. § 922(g)(9) ................................................................ A-1

18 U.S.C. § 921(a)(33) .............................................................. A-2

## 18 U.S.C. § 922(g)(9)

(g) It shall be unlawful for any person—

* * *

(9) who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

# 18 U.S.C. § 921(a)(33)

(a) As used in this chapter--

* * *

(33)(A) Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that--

> (i) is a misdemeanor under Federal, State, or Tribal law; and

> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

(B)(i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless--

> (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

> (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

>> (aa) the case was tried by a jury, or

>> (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

> (ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration

of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.